Williams, J.
The only question raised upon the record, is whether the facts found by the circuit court are sufficient to warrant the judgment it rendered. The case made by those facts is. in substance, that in the plan and construction of the building erected by the bank, which covered the entire lot owned by it, a stairway, leading from Washington street to the second story of the building, was constructed in the corner *586 room, now occupied and owned by the bank. At the landing of this stairway, and connected with it, a ball was made, extending across the second floor of part of the premises after-wards conveyed by the bank to Grapes, and by him to the plaintiff, and connecting with the second story of the balance of the premises so conveyed. The rooms on the second story of the premises now owned by the plaintiff, were made into offices, and doors opened into them from the hall. Another stairway was also put in, running from the hall to the third story. The stairway leading from Washington street to the second story, was, and is, the only means provided for access to the hall above, and to the rooms opening into it, and the unobstructed use of that stairway is necessary to their proper use and enjoyment. This was the condition of the premises when the bank sold and conveyed to Grapes, those portions purchased by him, including the hall, and the rooms which open into it; and thereafter, with the knowledge of the bank, he used the stairway as his only means of access to the hall and the rooms, until he sold to the plaintiff. The stairway was so in use when the plaintiff purchased, and he, thereafter continued such use until shortly before the commencement of the action, when the bank threatened to close up the entrance to the hall, and thus prevent the use of the stairway as a means of approach to it, and to the connecting rooms.
The general rule, that easements appurtenant, pass with the grant of the dominant estate, is not controverted; but the principal claim of the plaintiff in error is, that inasmuch as the conveyance was made to Grapes immediately after the completion of the buildiug, and, at that time no use had been made of the stairway as a means of access to the hall and rooms above, the right to such use was not an appurtenance to the premises conveyed, and did not, therefore, pass by the grant. It is evident however, that at the time of the conveyance, the arrangement and construction of the building were such as to plainly indicate, that the stairway must have been intended as a permanent and continuous way of reaching the hall, and the rooms connecting with it, on the second floor. Those rooms were constructed for use, and no *587 avenue of approach to them was provided, except by that stairway. • The bank, in the construction of the building, had thus visibly and obviously made them dependent, for the means of access, and beneficial enjoyment, upon the use of the stairway; and, it must have been apparent to both parties, that, in the condition in which the premises were, at the time of the conveyance, without the use of the stairway, the hall and rooms to which it led, were inaccessible and useless; and it could hardly have been contemplated by either, that immediately thereafter, the grantee should contrive, and adopt some different means, by which he might be enabled to .enjoy what he had purchased. The parties are presumed to have contracted, with reference to the condition of the property at the time of the sale, and to have intended, that the grantee should have the means of using the property granted, and therefore, that he should have such rights and privileges in, or over, the premises remaining in the grantor, as might be requisite for that purpose.
It is a well settled doctrine of the law of easements, that where there are no restrictive words in the grant, the conveyance of the land, will pass to the grantee, all those apparent and continuous easements which have been used, and are at the time of the grant used by the owner of the entirety for the benefit of the parcel granted; and also, all that appear to belong to it, as between it, and the property which the vendor retains ; and hence, when the owner of an entire estate, makes one part of it visibly dependent for the means of access, upon another, and creates a way for its benefit over the other, and then grants the dependent part, the other part becomes subservient thereto, and the way constitutes an easement appurtenant to the estate granted, and passes to the grantee, as accessorial to the beneficial use and enjoyment of the land. “ It can not be denied,” said Pollock, C. B., in Glave v. Harding, "that if a man build a house and there is actually a way used, or obviously and manifestly intended to be used, by the occupier of the house, the mere lease of the house would carry with it the right to use the way as forming part of its construction.” ' 2 L. J. (N. S.) C. L. R. 292. And " Where the *588 shell of an unfinished house was sold, with openings in the the walls for the insertion of windows and doors, it was held that the vendor could not, after the sale and conveyance of the unfinished structure, build on his own adjoining land, so as to obstruct the access of light and air to the spaces left for windows, or place obstacles in the way of the exercise of a right-of-way to the apertures intended for doors; and when two separate purchasers buy two unfinished houses from the same vendor, and at the time of the purchase the spaces for windows and doors are marked out, this is a sufficient indication to the purchasers of the rights they are respectively to enjoy,so that they can not subsequently interfere with each other’s .enjoyment- of the windows and doors so marked out and impliedly agreed upon at the time of the sale.” Addison on Torts, (Sixth Ed.), 314; Janes v. Jenkins, 34 Md. 1; Compton v. Richards, 1 Price, 27. And see Thompsons v. Miner, 30 Iowa, 386 ; Washburn on Easements, 91.
So long as the bank continued to own the entire premises, there could, of course, be no easement in favor of one part, or servitude upon another, for, it might- make any use it chose, of every part. But when it conveyed the part now owned by the plaintiff, the purchaser took it with all the incidents and benefits which at the time appeared to belong to it, as between it and that part retained by the bank. The stairway being at that time, the means provided by the vendor for access to a part of the premises sold, and the only means of such access then existing, and being then and now, as found by the circuit court, necessary to the proper use and occupation of the premises sold, the right to its use, passed by the conveyance to the purchaser, and the bank can not be allowed now to derogate from its grant, by depriving the plaintiff of that use.
„It seems to be supposed by the counsel for plaintiff in error, that the judgment of the circuit court requires the bank to keep the stairway in repair, and rebuild it in case of its destruction by -fire or other casualty. If such were the scope of the judgment, the plaintiff in error would have just ground of complaint; for it is undoubtedly the rule, that *589 unless the owner of the servient estate is bound by covenant or prescription to repair, he is under no obligation to do so. The burden devolves upon the owner of the dominant estate, of making whatever repairs are necessary for his use of the easement. It is said by a learned author that “As a general proposition, whoever has an casement, like a right-of-way for instance, in or over another’s premises^ is the one to keep it in repair.” Washburne on Easements, 730. And by another, that “ Every grantee of a right-of-way, to be exercised and enjoyed over or through the land of the grantor, must himself repair the way, if he desires to have it repaired and kept in repair for his use, or if repairs are necessary to prevent the enjoyment of the right becoming an annoyance and nuisance to the owner of the servient tenement, unless the grantor himself has expressly undertaken the performance of that duty.” Addison on Torts, 301-302. But it is clear the judgment has no such effect as that supposed. It does no more than enjoin the defendant, and those succeeding to its title, from doing any act, curtailing the plaintiff’s enjoyment of the easement
The payment made by the plaintiff to the bank on account of the insurance, is quite unimportant. It appears to have been nothing more than a voluntary contribution, without agreement, or obligation, toward the paymeut of the increased rate of insurance exacted-in consequence of the opening made in the wall, in the construction of the hall referred to, and is not incompatible with the existence of the easement. How it would have affected the rights of the parties, if the payment had been made as a compensation for the use of the stairway, we need not determine.
Upon the facts found by the circuit court, its judgment, we think, is correct and must be affirmed.

Judgment accordingly.