. . HIGBEE FISHING CLUB

*v.*

ATLANTIC CITY ELECTRIC COMPANY.

[Submitted January 13th, 1911. Decided February 24th, 1911.]

1. A way of necessity over a grantor's land arises by implication, when the grantor sells land wholly surrounded by land retained by him or by his land and by that of a stranger, over which there is no right of access.

2. A grantor's sale of land over which another grantee had a way of necessity did not extinguish that way in favor of the second grantee as an innocent purchaser, where it had constructive notice from the records of the fact that the land of the first was surrounded on three sides by the land of the grantor and on the fourth by that of a stranger, with no right of way reaching him, and also had the lands in question surveyed and knew the physical characteristics of the place.

3. The court of chancery has jurisdiction to determine a controversy as to the existence of a way of necessity and locate the part of defendant's land over which the way may be exercised.

4. In a suit to establish a way of necessity to part of a salt marsh the physical characteristics of which showed that at the time of the grant a way for vehicles could not have been contemplated as necessary, and it appeared that at the present there was no necessity for such a way, a way only to the extent of a footpath will be decreed.

5. One whose land is bordered by that of a railroad has no right to use its property as a way unless he has acquired the right by grant or prescription.

On final hearing on bill, pleadings and proofs.

Complainant is the owner of a rectangular lot of land the dimensions of which are sixty feet by one hundred feet. The land is not adjacent to a highway and no means exists for travel to or from complainant's lot without the necessity of passing over the land of others. The bill seeks to establish a way of necessity across the land of defendant. Complainant purchased the lot referred to in the year 1897 from the executors of Jonas Higbee, deceased. The deed to complainant conveys the lot by metes and

bounds, together with the "tenements, hereditaments and appurtenances thereto belonging or in any wise appertaining," but makes no express provision touching any easement of way over any adjoining land. The lot of land when purchased was vacant salt meadow; a clubhouse has since been erected on it. At the date of the sale the vendors owned the land adjacent to the lot sold on three sides thereof; the West Jersey and Seashore Railroad Company owned the adjacent land on the fourth side. In the year 1910 the same grantors who sold to complainant conveyed the land which has been referred to as adjacent to complainant's lot on the three sides thereof, to defendant.

*Messrs. Bolte & Sooy,* for the complainant.

*Messrs. Thompson & Cole,* for the defendant.

LEAMING, V. C.

1. It is well settled that a right of way over a grantor's land arises when such grantor sells land wholly surrounded by other land which he retains, or when the part sold is surrounded in part by the land retained and in part by that of a stranger, over which there is no right of access. In such cases the way is a necessary incident to the grant, for without it the grant would be useless; the grant is necessarily for the beneficial use of the grantee and the way is necessary to the use. *Stuyvesant* v. *Woodruff, 21 N. J. Law (1 Zab.) 133, 155; Lore* v. *Stiles, 25 N. J. Eq. (10 C. E. Gr.) 381, 383; French* v. *Smith, 40 N. J. Eq. (13 Stew.) 361, 362; 3 Kent Com.* \*420; *14 Cyc. 1174 note 33.* By the grant to complainant a way of necessity over the remaining lands of grantor was undoubtedly created in favor of complainant.

2. I think it also clear that the sale of the remaining land from complainant's grantor to defendant was not operative to extinguish complainant's rights. Defendant does not occupy the position of an innocent purchaser without notice of complainant's rights. An examination of the record title of defendant's grantors would have disclosed not only the conveyance to complainant but also the prior conveyance to the railroad company.

The physical conditions then apparent disclosed complainant's isolated lot with no highway as a means of access to it. Not only were these conditions reasonably apparent but defendant, before purchasing, had a survey of the entire premises made and the four corners of complainant's property were staked by defendant as well as the several corners of the tract which defendant was about to purchase. These physical conditions thus actually ascertained by defendant, in connection with the information disclosed by the record, were clearly operative to charge defendant with notice of complainant's rights.

3. The jurisdiction of this court to determine complainant's rights and to locate the part of defendant's land over which said rights may be exercised has been recognized and acted upon in *Camp* v. *Whitman, 51 N. J. Eq. (6 Dick.) 467.* See, also, *Pearne* v. *Coal Creek Co. (Tennessee), 18 S. W. Rep. 402.*

4. In *Camp* v. *Whitman, supra,* it was found as a fact that at the time of the grant the parties actually contemplated a use of the premises granted which required a way for vehicles, and accordingly it was there held that the way should be suitable for such use. In the present case, however, no evidence of that nature exists. On the contrary, the physical conditions surrounding complainant's lot were of such a nature that a way for vehicles could not well be deemed to have been contemplated by the parties at the time of the grant, and indeed such a way does not seem to have become at any time necessary to the use to which the lot has been devoted. In view of the principles defined in *London* v. *Riggs (1880), L. R. 13 Ch. Div. 798,* I am unable to find justification for a right of way of necessity in extent more than a footway.

5. The claim on behalf of defendant that complainant is entitled to use the property of the railroad company for access to his lot is clearly untenable. A right of that nature could only be acquired by grant or adverse user for twenty years.

If the parties can agree upon the route of a footway I will advise a decree accordingly, otherwise there may be a reference to a master to determine it.