# Smith, Appellant, *v.* Rowland.

*Real property—Deeds—Construction—Easements.*

1. The owner of the fee of an alley and of adjoining land, whose predecessor in title has granted to another adjoining owner, a right of way for a passage and wagonway thereover in common with the grantor, his heirs, and assigns, is entitled to use the alley in any way that will not interfere with the reasonable use thereof as an alleyway by such grantee.

*Easements—Interference with easements—Equity—Injunction —Estoppel.*

2. Where one having the right of way over an alley stands by and knowingly allows another to build a theater with openings on the alley necessary to its use and to spend a large amount of money in the construction thereof without protest or objection and to pave such alley and to use it for laying pipes, he will be estopped from asserting any prior right acquired by deed to exclude such owner from the use of the alley.

3. An injunction restraining the use of an alley by the owner of an adjoining theater will not be granted, where such injunction would do the owner of the theater great pecuniary harm out of all proportion to any harm that might be done to the plaintiff by the use of the alley.

4. On a bill for an injunction to restrain defendants from using an alley, it appeared that the predecessor in title of plaintiff and defendant had owned the alley and land on both sides thereof; and had conveyed the land on one side to the plaintiff together with the right to use the alley as and for a passage and wagonway in common with the grantor, his heirs and assigns, owners, tenants and occupiers of the ground of the grantor also adjoining said alley. Thereafter such grantor conveyed the alleyway and a part of his adjoining land to a third person and the balance of the land was afterwards conveyed to the defendants. The third party con-

veyed to defendants a right of way over the alley, subject to the rights theretofore granted the plaintiffs. Defendants built theaters adjoining the alley with doors opening thereon, laid pipes under the alley, paved, and used it for moving scenery and as a passageway for actors and actresses before and after performances. Plaintiff contended that he was entitled to use the alleyway in common with his grantor to the exclusion of defendants. The court dismissed the bill. *Held*, no error.

Argued Oct. 27, 1913. Appeal, No. 90, Oct. T., 1913, by plaintiff, from decree of C. P. No. 2, Allegheny Co., April T., 1912, No. 1809, in Equity dismissing bill in equity for an injunction in case of S. L. Smith v. Richard A. Rowland and Colonial Amusement Company. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity to restrain defendants from using an alley.

On final hearing SHAFER, J., filed the following findings of fact and conclusions of law:

The bill is for an injunction to restrain the use by the defendants of an alleyway adjoining theaters belonging to them in the Borough of Wilkinsburg in Allegheny County.

### FINDINGS OF FACT.

1. By deed dated August 1, 1899, and duly recorded there was conveyed to one J. A. Strickler a lot of ground at the corner of Wood street and Ross avenue in Wilkinsburg, fronting forty-two feet on Wood street and running back 132 feet on Ross avenue, except a lot sixteen feet front on Wood street and 125 feet along Ross avenue, so that Strickler had twenty-six feet front on Wood street beginning sixteen feet from Ross avenue, and the rear of his lot was forty-two feet wide for seven feet of its depth, the seven-foot strip extending to Ross avenue.

2. By deed dated May 29, 1901, there was conveyed to the plaintiff, S. L. Smith, a lot of ground on Ross avenue

beginning 142 feet along Ross avenue from Wood street, which extended in front on Ross avenue and extended back parallel with Wood street 132 feet. This deed, though made to S. L. Smith, alone, was for the use of S. L. Smith and S. S. Smith, each of them being the owner of one-half of the property.

3. After the making of these two conveyances there remained a strip of ground eight feet wide fronting on Ross avenue between the lots of Strickler and Smith, and this strip extended back parallel with Wood street and alongside of Smith's land 132 feet to lands of other persons. By deed of October 9, 1901, Strickler acquired title to this eight-foot strip.

4. By deed dated October 11, 1902, and duly recorded, Strickler conveyed to Smith "the full right, liberty and privilege of the following lot or piece of ground," being the eight-foot strip above mentioned, "as and for a passage and wagon way leading into and from said Ross avenue, together with free ingress and egress into, over and along the same at all times hereafter forever, in common with the said J. A. Strickler, his heirs and assigns, owners, tenants and occupiers of the ground of J. A. Strickler also adjoining said lot of ground, so that the said S. L. Smith, his heirs and assigns, owners, tenants and occupiers of the lot of ground now owned by them adjoining the above described piece of ground shall at all times hereafter have and enjoy the free and uninterrupted right, liberty and privilege of the hereinbefore described piece of ground as and for a free passage and wagon way into and from the said Ross avenue, in common with the owners, tenants and occupiers of the ground now owned by the said J. A. Strickler ajoining the same."

5. By a deed dated October 1, 1903, Strickler conveyed to the Wilkinsburg Bank his lot fronting on Wood street above described, and by another deed of the same date conveyed to the same bank the eight-foot strip fronting on Ross avenue, the deed containing the provision that it

was made subject to all the rights granted to Smith by the deed above mentioned.

6. By a deed dated November 15, 1910, there was conveyed to Richard A. Rowland, one of the defendants, a lot fronting eighty-four feet on Wood street, forty-two feet distant from the corner of Ross avenue, and extending back 132 feet to the eight-foot strip, so that after the making of this conveyance all the land on one side of the eight-foot strip belonged to the plaintiff, Smith, and the land on the other side belonged forty-two feet of it to the Wilkinsburg Bank and eighty-four feet to the defendant, Rowland. Both the plaintiff and S. S. Smith knew of the purchase by Rowland of the 84 feet on Wood street extending back to the eight-foot strip soon after it was made, and they further knew that it was purchased by him for the purpose of erecting a theater thereon, and that it would be necessary for him to have exits at the rear of the theater, and that he could not build the theater extending to the eight-foot strip without having the right to use it as an alleyway.

7. The Wilkinsburg Bank, by deed dated April 25, 1911, and duly recorded, conveyed to the defendant, Rowland, "his heirs and assigns (owners and occupiers or purchasers of the messuage and ground contiguous to the property hereafter described) the free, uninterrupted use and passage in and along all that certain tract of land," describing the eight-foot strip above mentioned, subject to the rights which J. A. Strickler had conveyed to S. L. Smith by the deed above mentioned, to hold the same "in common with the said party of the first part, its successors and assigns, and the said S. L. Smith, his heirs and assigns, as aforesaid, subject, however, to all necessary charges and expenses......paving, repairing, cleansing, etc." The making of this deed by the bank to Rowland became known to the plaintiff before the erection of the theater hereafter mentioned.

8. Some time thereafter Rowland proceeded to erect on the lot purchased by him adjoining the Wilkinsburg

Bank lot a theater at a cost of about $80,000.00, and likewise proceeded at an expense of about $20,000.00 to remodel another theater which stood upon the lot purchased by him, making the exits, required by law for the building of theaters, upon the eight-foot strip under his claim of right acquired by deed from the Wilkinsburg Bank, these building operations extending over the time from April, 1911, to the middle of October in the same year.

9. During the construction of the one theater and the alteration of the other the alley in question was used for the conveyance of building materials without objection upon the part of the plaintiff, and it was repaved by the defendant, Rowland, at an expense of about $150.00, with the knowledge of the plaintiff and without objection on his part; and the water pipes for the use of the theater were laid in the eight-foot strip from Ross avenue.

10. Both S. L. Smith and his brother, S. S. Smith, knew of the building of the theater during all the time of its construction, and knew that it was being built up to the eight-foot strip with exits opening thereon, one of them being a large door, and no objection was made by either of them to the defendant.

11. If the defendant were restrained from using the eight-foot strip in question he would be required to close his theater until he could move it or tear down the rear end of it so as to leave the space required by law between it and the eight-foot strip as an exit, and this alteration would entail a very great expense.

12. The actual injury complained of by the plaintiff is the carrying of scenery once or twice a week through the eight-foot strip to the rear of the theater, and the passage of actors and actresses along it to the same point before and after performances. There is no evidence that this use of the alleyway does the plaintiff any material damage.

### CONCLUSIONS OF LAW.

1. The first question that arises upon the facts found is whether or not the terms of the deed of Strickler to the plaintiff will suffice to restrict the use which Strickler might make of the eight-foot strip of ground, so as to prevent him from making any other use of it than as a right of way to his own lot, the use of the strip being granted to the plaintiff in common with the owners of the land then owned by Strickler. The ordinary rule undoubtedly is that when the owner of the fee in land conveys a right-of-way over it he retains to himself full dominion over the land, except so far as it is necessary to restrict that dominion in order to secure the enjoyment of the easement granted, and that he may make any use of the land which does not interfere with the reasonable use of the way by his grantee. If this rule were applied to the present case the plaintiff would have nothing to complain of. His claim, however, is that the effect of the grant as made amounts to a covenant on the part of the grantor not to use his land otherwise than as a right-of-way for the grantor's other lot in common with the grantee, and he relies principally upon the case of Kirkham v. Sharp, 1 Wharton 323. It is to be observed, however, upon an examination of that case that it was put upon the ground that the case was analagous to that of a courtyard laid out by the owner of a tract of land for the use of houses erected upon it and the houses all sold to others, in which case it has been held that no personal use of the way remains in the grantor. In fact, in such case the rule appears to be that the grant conveys the fee to the middle of the court or alley referred to by the owner, and when he has conveyed the last lot his title to the fee of every part of the alley is extinguished: Saccone v. West End Trust Company, 224 Pa. 554; Oliver v. Ormsby, 224 Pa. 564. We are of opinion that the present case is not within the rule of the case of Kirkham v. Sharp, 1 Wharton 323, but that the owners of the fee of the eight-foot strip are entitled to use it by them-

selves or others in any way that will not interfere with the reasonable use of it as an alleyway by the plaintiff.

2. Even if the plaintiff's contention as to the meaning of the covenant in his deed is correct, we are of opinion that having stood by and knowingly allowed the defendants to build a theater with openings upon the alley, necessary to its use, and to spend a large amount of money in constructing the theater in that manner without protest or objection, and having allowed the defendant to pave the alley and to use it for laying water pipes, knowingly and without protest, the plaintiff is now estopped from asserting any right acquired by his deed to exclude the defendant from the use of the alley.

3. In addition to these considerations there is the fact that an injunction restraining the use of the alley by defendant would do the defendant very great pecuniary harm, out of all proportion to any harm whatever that may be done to the plaintiff by the use of an alley for the theater. An injunction is not of right and the chancellor is not bound to make a decree which will do far more mischief and work greater injury than the wrong he is asked to redress: Chartiers Block Coal Co. v. Mellon, 152 Pa. 286. We are of opinion that the present case is one for the application of this rule.

Exceptions to the findings of the trial judge were dismissed by the court and a decree was entered dismissing the bill.

*Errors assigned* were in dismissing the exceptions.

*Thomas Watson,* with him *Elder W. Marshall,* for appellant.

*James E. Hindman,* with him *Stonecipher & Ralston,* for appellees.

Per Curiam, January 5, 1914:

The decree is affirmed on the findings of fact and conclusions of law by Judge Shafer.