MARIA L. SWEEZY *vs.* JULIA VALLETTE.

JULY 7, 1914.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1)  *Easements.  Way by Necessity.*

Evidence considered and held that in the original grant to complainant's ancestor in title there was an implied grant of a way in and out of the lot across premises of grantor.

(2)  *Easements.  Way by Necessity.  Abandonment.*

A right of way of necessity ceases when the necessity for its continuance ceases. The necessity continues until some other lawful way has been acquired and a mere revocable permission to use a way over the land of a third person will not extinguish the right.

(3)  *Way by Necessity.  Abandonment.*

Whether a way has been abandoned by acts *in pais* is a question of intention and such intention must be shown by positive evidence of an express declaration to that effect or by acts of a decisive character. Non-user, although continued for many years, is not conclusive evidence of abandonment.

BILL IN EQUITY to establish right of way. Certified after hearing for final decree.

SWEETLAND, J. This is a bill in equity to establish a right of way claimed by the complainant over the land of the respondent. After hearing for final decree in the Superior Court, said court has certified the cause to this court for determination.

The evidence, which was taken before a master, is contradictory in many particulars. From an examination of the transcript we find the following to be the essential facts established in the case. In 1870 one Richard Greene was the owner of a tract of land in the town of Cranston containing about five and one-half acres. At that time said land was a wood lot. On March 7th, 1870, said Richard Greene sold to his son Albert Greene a portion of said tract containing one-half acre situated in the northwesterly corner of said tract. Said lot conveyed to Albert Greene was bounded southerly and easterly on the remaining land of Richard Greene and northerly on land of one James A. Budlong and westerly on land of one Thomas Grace. In the deed to Albert Greene there is no specific grant of any right of way across the remaining land of Richard Greene to a highway or to a right of way over land of other persons to a highway. Across said tract of Richard Greene were cart paths; one of which ran into or was an extension of a cart path from the northwest across the land of Thomas Grace, known as Blake lane. Blake lane at that time had been an openway for many years and ran northwesterly into one of the highways of the town. Richard Greene in going to and from his said five and one-half acre tract or wood lot used said Blake lane as his only way of ingress and egress. That portion of said lane which lies across the land formerly of Thomas Grace and up to the westerly line of said tract formerly of Richard Greene has now become a public highway, named Maple avenue. The cart path which in 1870 was an extension of Blake lane on said tract of Richard Greene ran along the southerly side of the lot conveyed to Albert Greene. After the purchase of said lot Albert Greene cleared the same of growing wood and built a house thereon. He also fenced said lot with a tight board fence to the north towards the Budlong land and a picket fence on the other three sides, and left an opening or gateway near the middle of the southerly line of said picket fence. Said one-half acre lot passed through an intermediate conveyance from said Albert Greene

to this complainant. The remaining portion of said five and one-half acre tract, save another one-half acre lot at the east of the Albert Greene lot, was conveyed by Richard Greene to this respondent in 1873.

The land to the north of said tract and to the north of the lot now of this complainant was owned in 1870 by James A. Budlong and is now owned by the J. A. Budlong and Son Company. It was used in 1870 and ever since has been used as an extensive market garden farm. Across the Budlong land during all this time have been farm roads and paths used by its owners in the operation of said farm. The owners of the Budlong land have permitted their neighbors and others to use these roads and paths as a matter of courtesy, but no one has acquired any right of way over them. A number of the occupants of the house on the Albert Greene lot have been employed on the Budlong farm and have used said farm roads in going to and from their work. Other occupants of said house have used said farm roads entirely by permission of the owners of said roads as convenient modes of reaching the highway. We find, however, that during all the period from the time of the conveyance of said lot to Albert Greene down to the time of the acts of the respondent complained of in the bill, the owners and occupants of the Albert Greene lot have used a way from said lot over the land now of the respondent to Blake lane, now Maple avenue. Before the commencement of this proceeding in equity, the respondent denied that any right of way, appurtenant to the Albert Greene lot, exists across her land and has obstructed the complainant in the use of such a way. In her answer and in her brief before us the respondent has denied that the complainant ever was entitled to a way of necessity across the respondent's land. She contends that the complainant and her predecessors in title of the Albert Greene lot had a right of way appurtenant to said lot across the Budlong land; and she further claims that if the complainant or her predecessors in title ever had a right of way over the respondent's land, said complainant

and her predecessors in title have lost such right of way by long abandonment of the same.

(1)  From the facts as we have found them there can be no question that in the grant of the lot from Richard Greene to Albert Greene there was the implied grant of a way in and out of said lot across the premises of the grantor.  This court has said in *Valley Falls Company* v. *Dolan,* 9 R. I. 489: "But in all cases where a way of this kind exists, it is by grant, and though it is not given by any express terms, or even mentioned in the instrument of conveyance of the estate, it is implied from the necessity of its existence to any enjoyment of the estate granted.  The grant therefore depends upon the necessity, and ceases with it.  'The grant of a thing,' it is said, 'passes everything included therein, without which the thing granted cannot be had.'  'If I have a field enclosed by my own land on all sides, and I aliene this field to another, he shall have a way to this close over my land, as incident to the grant, *for otherwise,* he cannot have any benefit by the grant.'  Roll. Ab. W. Land, 3232."

The respondent's claim that there was a right of way appurtenant to said Albert Greene lot over the land of James A. Budlong is entirely unsupported by the testimony; nor is there any force in her contention that as the way claimed was one of necessity, it ceased to exist when the complainant's predecessors in title were permitted to pass in and out of said lot over the Budlong land.  A right of way of necessity ceases when the necessity for its continuance ceases.  The necessity, however, continues until some other lawful way (2) has been acquired; and a mere revocable permission to use a way over the land of a third person will not extinguish the right.  *Lide* v. *Hadley,* 36 Ala. 627; *Myers* v. *Dunn,* 49 Conn. 71; *Camp* v. *Whitman,* 51 N. J. Eq. 467.

Whether or not a way has been abandoned by acts *in pais* is a question of intention and such intention must be shown by positive evidence of an express declaration to that effect or by acts of a decisive character.  The respondent bases her claim that said way of necessity, if it ever existed,

was abandoned by the owners of the Albert Greene lot solely upon the ground of the non-user of said way. Non-user, although continued for many years, is not conclusive evidence of abandonment. From the evidence we find, however, that, although at times said way over Blake Lane was used by the owners and occupants of the Albert Greene lot less frequently than the permissive way over the Budlong land, yet the use of the way of necessity by said owners and occupants was continuous from 1870 down to the obstruction of said way by this respondent.

The complainant is entitled to have the respondent enjoined from the further obstruction of the way which we find to be appurtenant to her land, and to have said way established and defined in this proceeding.

The complainant on July tenth, 1914, at ten o'clock A. M., may present to the court the form of a decree, to be entered in the Superior Court, defining and establishing a way, over the respondent's land, from the easterly side of the complainant's front gate, situated near the center of the southerly line of her said premises, westerly along the southerly line of said premises to said Maple avenue, in the city of Cranston, of convenient width to permit the passage of persons on foot or in carriages; enjoining the respondent from obstructing said way in any manner or in any manner interfering with its use by the complainant or her agents and servants, or persons having lawful business with the complainant, on foot or in vehicle, or passing with cattle; and awarding costs to the complainant.

*Barney & Lee*, for complainant.
*Edward DeV. O'Connor*, for respondent.