LAURA McMULLEN WHITFIELD,

*vs.*

THOMAS D. WHITTINGTON.

*New Castle, August 20, 1953.*

*Edward W. Cooch, Jr.,* Wilmington, for plaintiff.

*David P. Buckson,* Dover, for defendant.

BRAMHALL, Vice Chancellor: Plaintiff alleges in her complaint that she is the owner in fee of a farm situated near Bear, in New Castle Hundred, New Castle County, including a certain private road or lane leading in a northwesterly direction from the New Castle and

Frenchtown Turnpike through plaintiff's farm to the adjoining land of defendant.

Plaintiff avers that for a period of approximately five years defendant wilfully and repeatedly trespassed upon plaintiff's property by constantly grading and widening the private road and by destroying and undermining certain fences and an old hedgerow abutting the same. On February 20, 1952, a written agreement was entered into between the plaintiff and others who then owned the land adjoining the plaintiff and defendant, in which it was agreed that defendant would erect certain posts and replace lateral supports of the fences which he had undermined and that defendant would in the future respect the boundaries of plaintiff as established and do no further damage to the property or fences abutting said private road. Plaintiff contends that since the execution of this agreement defendant has failed to make the repairs specified; has wilfully and repeatedly removed some of the fences, relocating the same in such a manner as to encroach upon plaintiff's land; has destroyed the banks of the fields, thereby removing lateral support for the edges of the fields; has widened the roadway; has raised the level of the road to such an extent that an artificial dam was created, which has flooded plaintiff's fields and has installed culverts under the lane which carry a concentrated flow of water onto plaintiff's fields, thereby causing erosion. Plaintiff prays this court to enjoin defendant from further using the road; to direct defendant to restore the fences to their original location, replace the banks and lateral supports; remove the culverts and a sign wrongfully erected; to authorize plaintiff to close off the road to defendant by reason of flagrant, wilful and continuous misuse by defendant; that plaintiff be awarded damages and punitive damages and that she have such other and further relief as shall seem just and proper.

Defendant has filed two motions to strike: (1) all allegations or references to acts, or failure to act, by the defendant, prior to the written agreement of compromise and settlement dated February 20, 1952; and, (2) the fifth cause of action set forth in plaintiff's complaint, alleging that defendant no longer has a way of necessity by reason of the fact that he has an alternative road or lane for ingress and egress.

Defendant contends that the agreement of February 20, 1952, constitutes a complete compromise and settlement as of the date of its execution. He asserts that any action which may be brought by plaintiff must be limited to breaches and violations of that agreement and that such action must be based upon the location of boundary lines, lanes or roads, as set forth on the plot attached thereto and not upon the original lines and boundaries as referred to in the complaint. It is stated in the agreement that it was in compromise and settlement of disputes between the parties. Defendant therein agreed to perform certain duties, such as the moving of the fences to their original position, and a promise that he would in the future respect the boundary line of plaintiff's land and would not encroach thereon. Plaintiff asserts in her complaint that defendant has wilfully violated this agreement.

■■ It is the general rule that nothing short of the fulfilment of an agreement of compromise will discharge the original demand. If the agreement of compromise is breached by what is in effect a failure or refusal to perform, the original cause of action is revived and the injured party may elect to regard the compromise as rescinded and proceed upon the original demand. See cases cited in 11 *Am.Jur., Compromise and Settlement, Sec.* 28, *p.* 275. In order that defendant may set up the agreement of compromise and settlement as a defense, the agreement between the parties must have been carried out. *Shubert v. Rosenberger,* (8 *Cir.*) 204 *F.* 934, 45 *L.R.A.* (*N.S.*) 1062. The agreement clearly contemplated performance by defendant. I see no distinction between a breach of an agreement of compromise and settlement and a breach of any other contract. Defendant has failed to comply with the terms of the agreement of settlement and compromise in which performance is contemplated before it shall become effective. Plaintiff may elect either to enforce the original duty or the subsequent contract. *Jefferson Island Salt Mining Co. v. Empire Box Corp.,* 2 *Terry* 386, 23 *A.2d* 106, affirmed 3 *Terry* 432, 36 *A.2d* 40. See also *Restatement of the Law, Contracts, Sections* 417-419.

The motion to strike this portion of plaintiff's complaint will be denied.

Plaintiff's fifth cause of action, to which defendant objects, alleges that the right-of-way was terminated by reason of the fact that defendant now has an alternative means of ingress and egress from his property and that the use of plaintiff's lane is no longer necessary. It is not disputed that the right-of-way in question is a way of necessity. Defendant's motion to strike is based upon his contention that plaintiff's allegation that the right-of-way has terminated does not constitute a right of action, but is available only to the defendant.

It is the almost universal rule that a way of necessity ceases when the necessity no longer continues to exist. *Waubun Beach Ass'n. v. Wilson*, 274 *Mich.* 598, 265 *N.W.* 474, 103 *A.L.R.* 983. If defendant has acquired a new way to the property previously reached by the way of necessity, the way of necessity is usually extinguished. *Oliver v. Hook*, 47 *Md.* 301, cited with approval in the case of *Condry v. Laurie*, 1945, 184 *Md.* 317, 41 *A.2d* 66. See also cases collected in 103 *A.L.R.* 993. Plaintiff is the owner of the fee of the way, subject to defendant's easement by way of necessity. She avers that defendant's way of necessity has terminated. Defendant contends that the way still exists. Plaintiff has the right to have this question determined and to any remedy which she may have by reason thereof. In order to determine whether or not plaintiff should prevail in her action against defendant, the question of determination of the way of necessity may become important. If so, plaintiff has the right to have this question determined in order to obtain redress. In any event, where a valid cause of action exists and further relief is asked, the court does not lose jurisdiction thereof because of a prayer of a declaratory nature. *Minot v. Pelletier Co.*, 207 *Iowa* 505, 223 *N.W.* 182.

Defendant's motion to dismiss plaintiff's fifth cause of action will be denied.

An order will be entered, on notice, in accordance with this opinion.