172 N.J. Super. 35 (1980)
410 A.2d 708
GREGORY S. GHEN, PLAINTIFF-RESPONDENT,
v.
ANIELA PIASECKI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 29, 1979.
Decided January 18, 1980.
*37 Before Judges BISCHOFF, BOTTER and DWYER.
James R. Bodnar argued the cause for appellant (James Logan, Jr. on the brief).
Leonard T. Schwartz argued the cause for respondent (Taylor, Kotlikoff & Schwartz, attorneys).
The opinion of the court was delivered by, DWYER, J.A.D.
Defendant Aniela Piasecki appeals from the judgment in favor of plaintiff Gregory S. Ghen determining that Ghen has an easement by way of necessity from Ghen's interior seven-acre parcel across Mrs. Piasecki's 23-acre parcel to reach Tomlinson-Mills Road. The judgment established the easement as:
... [A] right-of-way [with a] width of 50 feet to accommodate a roadway for modern motor vehicles, said right-of-way to run from the front of the defendant's tract of land where it fronts on Tomlinson-Mills Road, the entire depth of the defendant's property to a point where it meets the property line of the plaintiff's property so as to permit ingress and egress for the plaintiff's lands....
In his brief Mrs. Piasecki's counsel urged that Ghen is not entitled to an easement by way of necessity under the circumstances herein presented; hence the judgment should be reversed. Counsel argued, alternatively, that if Ghen is entitled to an easement by way of necessity, then under the circumstances of this case he should pay for the quantity of land appropriated by the judgment below.
At oral argument counsel for Mrs. Piasecki stated that there would be no difficulty with the location and extent of the easement if compensation were allowed.
*38 Before considering the novel question of whether there is a right to be compensated for an easement by way of necessity, it is necessary to briefly state the underlying facts which are not in dispute.
In 1950 Mrs. Piasecki and her husband John purchased the 30 acres in question. The parcel measures 600' x 2,154.68' with 600' of frontage on Tomlinson-Mills Road. The frontage on that road is the only access to a public road. The adjoining lands on all other sides are owned by strangers.
Mrs. Piasecki and her husband bought the land to farm it. They developed ten acres in the front for growing blueberries. They built a small house in the front. They created a pond in the front. They did not utilize the rear 20 acres but left it in its natural state.
After the death of her husband Mrs. Piasecki undertook to sell the property although she was 80 years of age and had difficulty with the English language. She was represented by counsel in all negotiations. Joseph L. Baisden contracted to purchase the entire tract.
At the closing on December 14, 1972 Mrs. Piasecki executed a deed for the 30 acres to Penn Valley Development Corporation (Penn Valley) for a recited consideration of $175,000. She received $50,750 in cash and took back a purchase money mortgage of $124,250 which was to be paid in four equal annual installments. This mortgage was a lien on only the front 23 acres and left the seven acres in the rear unencumbered.
Paragraph 10 of the mortgage provided:
RELEASES: In return for each $7,000 of the principal amount paid at settlement and thereafter under terms of the mortgage one whole acre shall be released to the buyer. In return for the $50,750 down payment made hereunder there shall be released and not included in the bond and mortgage a parcel of ground running the full 600 foot width of the property to a depth of 500 feet and situated to the back or most Northerly end and most distant from Tomlinson Mill Road. Further releases shall be contigious with this release. In the event the Buyer should request the release of road frontage along Tomlinson Mill Road *39 then such releases shall be of not more than 100 feet of road frontage in strips running back to the parcel released at settlement. Thus each strip to be released would measure 100 feet on Tomlinson Mill Road to a depth of about 1683 feet and containing about 3.85 acres. In any event the strip upon which the home or portion thereof is situated shall be the last strip or strips to be released. Acreage released from the first lien of mortgage shall be in return for principal payments only and not interest. Any money paid to the Seller in return for the release of acreage in advance of any mortgage payment due shall be a credit against the next mortgage payment. (Release map attached hereto and made a part hereof.)
On June 23, 1973 Joseph L. Baisden, as president of Penn Valley, conveyed the 30-acre tract to himself and his wife for a stated consideration of one dollar. He then borrowed $55,000 from the Fidelity Bank of Philadelphia and gave a mortgage on the entire 30 acres as security.
Neither Penn Valley nor Baisden made any payments due on the mortgage held by Mrs. Piasecki. She foreclosed her mortgage. On August 12, 1974 she received a deed from the sheriff for the front 23 acres. Subsequently, Fidelity Bank foreclosed its mortgage on the seven acres in the rear. Its position as a second mortgagee was cut off by Mrs. Piasecki's foreclosure of her first mortgage on the front 23 acres. On March 3, 1976 it received a deed from the sheriff for the rear seven acres. There were negotiations for a brief period between Fidelity Bank and Mrs. Piasecki for the sale to her of the rear seven acres. They could not agree on a price.
On January 19, 1977 Fidelity Bank conveyed its seven acres to Richard Ragsdale for $3,000. He in turn conveyed the seven acres to Gregory S. Ghen for $3,000. They were friends. David Ghen, the father of Gregory S. Ghen, is a broker who does business with Fidelity Bank. It was through the father's connections with Fidelity Bank that Ragsdale and Ghen learned of the opportunity to purchase the seven acres.
Gregory S. Ghen promptly filed the complaint herein, alleging that the parcels at one time had been unified; that plaintiff and defendant took from a common grantor; that his land was landlocked; that he was entitled to an easement by way of *40 necessity, and that the easement should be 50 wide to provide for ingress and egress of motor vehicles.
At the trial Ghen testified that he had been a member of the Pennsylvania bar for over five years, was a licensed real estate salesman, and had advised clients about developing properties. He further testified that he had investigated the various problems and concluded that "we [Ragsdale and Ghen] had an opportunity to acquire a piece of ground that had capabilities for development purposes. And it was on that basis that we took it."
He also testified that after examining the title he had no doubt in his mind that he could get access to the property. He tried to negotiate with Mrs. Piasecki and one other adjoining landowner but was unable to get access by agreement. In those negotiations he was trying to get a 50' width to meet the municipality's requirements.
Ghen did not testify as to what his personal needs for access to his tract in its undeveloped state were. Indeed, Ghen did not testify as to what the needs for access were if he were to subdivide the tract and sell off lots to others. He did say that he had discussed with the municipality its requirements for water and sewer lines, but his attempt to state them was blocked on the grounds of hearsay.
At the conclusion of Ghen's testimony his counsel offered into evidence the municipality's zoning ordinance and its subdivision ordinance. Counsel for Mrs. Piasecki objected on the ground that those ordinances were not relevant to a proper determination as to what Ghen needed to get to and from his land in its then undeveloped state.
The judge stated that he noted the objection but admitted copies of the ordinances as possibly having some materiality as to the nature and extent of an easement by way of necessity.
The trial judge in a letter opinion found that Ghen was entitled to an easement by way of necessity. He found that the language in paragraph 10 of the mortgage showed that the *41 parties intended that there be access to the front road. He conducted no further evidentiary hearing as to the needs of Ghen for access to the property in its undeveloped state.
We agree with the trial judge that on the facts here presented plaintiff was entitled to an easement by way of necessity across defendant's land. We reach that result, however, in a different manner than did the trial judge.
A way of necessity arises only when there has been unity of ownership and a subsequent severance of title resulting in the grantor or grantee owning a parcel which is landlocked. See, generally, Cale v. Wanamaker, 121 N.J. Super. 142 (Ch.Div. 1972). That title was severed by foreclosure does not change the rule. Boylan v. Loy Corp., 128 N.J. Eq. 460 (Ch. 1941), aff'd 130 N.J. Eq. 203 (E. & A. 1941); Hickam v. Golladay, 83 Ind. App. 569, 149 N.E. 375 (App.Ct. 1925) (in proceedings to foreclose mortgage on 120 acres of 170-acre tract, defendant had right to way of necessity across 120 acres from unencumbered 50 acres). As the name suggests, the easement arises by necessity because without it the landlocked parcel has virtually no utility to its owner. Highbee Fishing Club v. Atlantic City Elec. Co., 78 N.J. Eq. 434, 435 (Ch. 1911).
Many of the cases which hold in favor of the party requesting the easement do so in part on the theory that the conveyor and conveyee must have intended the easement to come into existence despite their lack of articulation on the subject. As the treatises and some of the cases recognize, in many instances this implied intent is a thinly veiled fiction. 3 Powell on Real Property, par. 410 (1979); 2 Thompson on Real Property, § 362 (1961). In the present case, unlike the trial judge who concluded that the language in paragraph 10 of the mortgage quoted above indicated that the parties thereto intended that the holder of the rear tract have access across the front tract, we find no basis in the evidence to support a conclusion that an easement of necessity was intended when the parcel was severed. It is of no consequence that when defendant originally sold the property to *42 Penn Valley their mortgage agreement contained language allowing the mortgage lien to be lifted on segments of the 23-acre tract in return for payments on principal. We doubt that that language had much to do with providing access to the rear tract because Penn Valley owned the entire 30-acre parcel and the mortgage encumbrance did not prevent it from putting in a road to the rear seven-acre parcel, had it wanted to do so. Upon receipt of the payments under the mortgage, Mrs. Piasecki was to release the lien of her mortgage and not make a conveyance title. In any event, the question of intent must be evaluated when title to the parcel is severed. Here, the entire tract was sold to Penn Valley albeit subject to a mortgage on part of it, and Penn Valley in turn sold the entire tract to the Baisdens. It was not until the Baisdens defaulted on their two mortgages that title to the parcel was severed by foreclosure. At the point of this involuntary sale it cannot be said that the Baisdens and Mrs. Piasecki intended to reserve an easement in favor of the Baisdens and their successors.
Although many, if not most, of the reported cases involve facts which permit a finding of implied intent, we are satisfied that this mutual intent is not an essential element in the establishment of a way of necessity. Such an easement is created as a result of a strong public policy that no land may be made inaccessible or useless. Old Falls Inc. v. Johnson, 88 N.J. Super. 441, 451 (App.Div. 1965); see, also, Krause v. Taylor, 135 N.J. Super. 481, 484 (App.Div. 1975); Higbee Fishing Club v. Atlantic City Elec. Co., supra.
On appeal defendant goes on to argue that if plaintiff is entitled to an easement by way of necessity, she is entitled to be compensated for losing some of her property rights. Although this claim was not set forth in the pleadings nor determined by the trial judge, we are satisfied that on the unique facts of this case the question should not be explored.
We have found no case in New Jersey or elsewhere in which a court allowed compensation to the owner of land over which an *43 easement by necessity was established under common law principles. In some states, which have statutes implementing provisions in their constitutions providing procedures for the owner of a landlocked tract to condemn an easement, or way, of necessity of limited size and for limited purposes across the lands of a stranger, mention is made in the cases construing such statutes that compensation is required. Gaines v. Lunsford, 120 Ga. 370, 47 S.E. 967 (Sup.Ct. 1904); See State ex rel. Carlson v. Superior Court for Kitsap County, 107 Wash. 228, 181 P. 689 (Sup.Ct. 1919); Southern Ry. Co. v. Hall, 267 Ala. 143, 100 So.2d 722 (Sup.Ct. 1957). In such proceedings property is being taken from a stranger and hence compensation must be paid to satisfy the concepts of due process of law in respect to ownership and use of property.
The absence of the discussion of compensation in the cases applying common law principles relating to an easement by necessity coupled with the burden of the party asserting a right to such an easement to show a common grantor in the chain of title, Poulos v. Dover Boiler & Plate Fabricators, 5 N.J. 580, 587 (1950), suggests to us that the courts applying such common law principles are enforcing legal rights that exist between the parties and hence no compensation is required because no property is taken.
The duration and extent of such easements are influenced by the fact that "necessity" is basic to their creation. When "necessity" no longer exists the easement terminates. Waubun Beach Ass'n v. Mac Clure, 274 Mich. 598, 265 N.W. 474 (Sup.Ct. 1936); Annotation, "Cessation of easement of way by necessity upon cessation of necessity," 103 A.L.R. 993 (1936); see Adams v. Cale, 48 N.J. Super. 119, 132 (App.Div. 1957). The necessity for the easement is determined as of the time the parcels were originally separated even though application for establishment of the easement is made by subsequent owners of the landlocked parcel. Adams v. Cale, supra; Cale v. Wanamaker, 121 N.J. Super. 142 (Ch.Div. 1972). The dimensions and the *44 rights to be exercised within the easement are determined by the court after an evidentiary hearing as to what are the needs of the parties. Cale v. Wanamaker, supra, 121 N.J. Super. at 150. Although a court may take into account changes from the time of the original severance, such as travel by automobile has replaced travel by horse, and may recognize some increase in activity on the landlocked parcel in determining rights, Soltis v. Miller, 444 Pa. 357, 282 A.2d 369 (Sup.Ct. 1971); 3 Powell On Real Property, Par. 416 (1979), it is the condition and size of the parcels at the time of severance that control. Highbee Fishing Club v. Atlantic City, supra; 28 C.J.S. Easements § 35.
From the record in this case it is clear that the judge determined the need of plaintiff not in terms of what his individual needs for ingress and egress to the landlocked seven acres were but in terms of the need of a developer for a yet undetermined number of other individuals.
It is permissible for a municipality to require that the subdivider of land provide the streets and sewers for the subdivision at his expense, Pennyton Homes, Inc. v. Stanhope Planning Bd., 78 N.J. Super. 588 (App.Div. 1963), aff'd 41 N.J. 578 (1964) (construing and applying N.J.S.A. 40:55 1.21 under old law); N.J.S.A. 40:55D-38 and 39 under present law. In the absence of compelling circumstances, a court in determining the rights in an easement by necessity between private parties should limit those rights which must be honored without compensation to those in a private road. Since no evidentiary hearing has been held as to what the needs are and what the rights should be, we remand to the trial court for consideration of what those rights should be where no compensation is to be paid.
We recognize that the establishment of an easement by necessity is an equitable proceeding and as such all the principles of equity are available in the resolution of the matter before the court. Counsel for defendant has advised us that defendant does not object to the easement established by the court provided *45 she is compensated for the land taken. This must necessarily mean such lands and rights therein in excess of what plaintiff is entitled to as a matter of equity. The trial judge may consider using a decree that establishes the rights to which plaintiff is entitled without compensation but containing a condition that if plaintiff pays compensation in a stated amount, agreeable to defendant, then plaintiff may have such additional rights upon paying the stated amount.
Accordingly, we affirm the finding of the need for an easement by necessity, but we modify the judgment as indicated herein, and we remand for further proceedings in the trial court. We do not retain jurisdiction.