**PENCADER ASSOCIATES, INC., a Delaware corporation, Plaintiff Below, Appellant/Cross Appellee,**

v.

**GLASGOW TRUST and James P. Brennan, Trustee under a certain trust known as the "Glasgow Trust," Defendants Below, Appellees/Cross Appellants.**

Supreme Court of Delaware.

Submitted April 19, 1982.

Decided June 8, 1982.

Steven Goldstein (argued) and Louis Goldstein, Wilmington, for plaintiff below, appellant/cross appellee.

John H. Benge, Jr. (argued), Allmond, Eastburn & Benge, Wilmington, for defendants below, appellees/cross appellants.

Before HERRMANN, C. J., McNEILLY and HORSEY, JJ.

HERRMANN, Chief Justice:

Pencader Associates, Inc. (hereinafter Pencader) sought imposition by the Court of Chancery of an easement or way-of-necessity over land owned by Glasgow Trust. Glasgow Trust moved to dismiss, arguing that the Court of Chancery lacked subject matter jurisdiction; it also moved for sanctions against Pencader for failure to comply with the rules of discovery. Both parties moved for summary judgment. The Trial Court denied the motion for sanctions, ruled that it had subject matter jurisdiction, denied Pencader's motion for summary judgment, and dismissed the action, holding that even if a way-of-necessity had been established, it was extinguished through non-use. Each party appeals the judgments adverse to it.

## I.

The uncontroverted facts are these:

The lands involved, presently owned by the parties, were purchased as one parcel in 1791 by Andrew Fisher who died in 1804. In order to satisfy debts owed by his estate, a 25-acre parcel, now owned by Pencader, was sold in 1810. That parcel was then bounded on the south and east by the remainder of the Fisher tract, now owned by Glasgow Trust, and on the north and west by land owned by third parties.

When Pencader purchased its tract in 1978 at a tax sale, it was woodland and had no means of access, apparent or of record. Upon the basis of that situation, Pencader petitioned the Court of Chancery to impose a way-of-necessity over the adjacent land of Glasgow Trust.

## II.

### A.

In view of the paucity of Delaware authority on the subject, a brief review of general, relevant principles of law may be helpful:

A way-of-necessity is created when there has been a unity of ownership of the dominant and servient estates, followed by a severance into the respective parcels. *Michael v. Needham*, Md.Ct.App., 39 Md.App. 271, 384 A.2d 473 (1978). The easement is created because the dominant estate, due to the severance, has become landlocked. *Finn v. Williams*, Ill.Supr., 376 Ill. 95, 33 N.E.2d 226 (1941). A way-of-necessity can only be raised out of the land of the grantor, never the land of a stranger. *Michael v. Needham, supra*, 384 A.2d at 476. There is imposed on the servient estate an implied grant following an express grant of the dominant estate to the grantee by the grantor—implicit from the express provisions of the deed as representing the true intent of the parties. *Sweezy v. Vallette*, R.I.Supr., 37 R.I. 51, 90 A. 1078 (1914).

The easement is not actually created by the necessity; rather the necessity "is ... a fact offered in evidence to show an intention to establish a right of way by raising the presumption of a grant" of access to the dominant estate over the servient estate. *Shpak v. Oletsky*, Md.Ct.App., 280 Md. 355, 373 A.2d 1234, 1238 (1977). In essence, it is presumed that the parties intended a way-of-access to the dominant ten-

ement over the servient tenement because it is unlikely that any one would purchase land to which there is no access. *Waubun Beach Asso. v. Wilson*, Mich.Supr., 274 Mich. 598, 265 N.W. 474 (1936). Any language in the conveyance, or otherwise admissible evidence, showing a contrary intent may be offered to overcome the presumption. "Seemingly the law allows a landowner to cut off all his rights to access to his land, if he so desires." *Shpak v. Oletsky, supra*, 373 A.2d at 1240.

The burden of proof, sufficient to raise the presumption of creation of a way-of-access, rests on the party seeking to establish it. See *Ghen v. Piasecki*, N.J.Super. App.Div., 172 N.J.Super. 35, 410 A.2d 708, 712 (1980). The proof must be sufficient to show an absolute necessity. Accord *Condry v. Laurie*, Md.Ct.App., 184 Md. 317, 41 A.2d 66 (1945); *Waubun Beach Asso. v. Wilson, supra.* Convenience will not suffice. *Richard Paul, Inc. v. Union Improvement Co.*, Del.Ch., 32 Del.Ch. 332, 86 A.2d 744 (1952). The necessity "is determined as of the time the parcels were originally separated even though application for establishment of the easement is made by subsequent owners of the landlocked parcel." *Ghen v. Piasecki, supra*, 410 A.2d at 713. The necessity cannot be created by remote grantees. *Michael v. Needham, supra*, 384 A.2d at 477.

Especially relevant are the following well-established rules: An easement-of-necessity cannot be terminated by mere non-use. *Hancock v. Henderson*, Md.Ct.App., 236 Md. 98, 202 A.2d 599 (1964); see *Stozenski v. Borough of Forty Fort, Luzerne County*, Pa.Supr., 456 Pa. 5, 317 A.2d 602 (1974); *Baptist Church in the Great Valley v. Urquhart*, Pa.Supr., 406 Pa. 620, 178 A.2d 583 (1962); *Graham v. Safe Harbor Water Power Corp.*, Pa.Supr., 315 Pa. 572, 173 A. 311 (1934). Indeed, the right to a way-of-necessity can lie dormant, be passed from one owner of the dominant estate to successors in interest, and be exercised *in futuro*. *Finn v. Williams, supra; Hancock v. Henderson, supra.*

As a general proposition, a right to a way-of-necessity exists so long as the necessity from which it arose exists. *Whitfield v. Whittington*, Del.Ch., 34 Del.Ch. 34, 99 A.2d 196 (1953). When the necessity ceases, the easement ceases—as where the dominant and servient estates become rejoined under common ownership, 2 *Thompson on Real Property* § 368 (1980), or where a way is expressly dedicated, creating direct access from the dominant tenement to public thoroughfares, *Waubun Beach Asso. v. Wilson, supra.*

Because a right to a way-of-necessity can lie dormant and be activated by a remote grantee, laches is not an applicable defense. *Wagner v. Fairlamb*, Col. Supr., 151 Colo. 481, 379 P.2d 165, 169 (1963), cert. denied, 375 U.S. 879, 84 S.Ct. 149, 11 L.Ed.2d 110 (1963). However, a way of necessity can be extinguished by other equitable defenses. Abandonment, the most common, will be found where there is manifested a clear intent, expressed or through acts of relinquishment, to abandon. *Adams v. Hodgkins*, Maine Supr., 84 A. 530 (1912); *Sweezy v. Vallette, supra.* See *Wolfman v. Jablonski*, Del.Ch., 34 Del.Ch. 67, 99 A.2d 494 (1953). "No particular conduct is required, but the . . . conduct [by the grantee] must be inconsistent with one's right to use and enjoy the easement," such as: (1) the maintenance of locked gates across the way; (2) the building of fences blocking the way; or (3) the erection of buildings blocking the way. *Stozenski v. Borough, supra*, 317 A.2d at 605.

Other equitable defenses can be asserted to extinguish ways-of-necessity. Adverse possession by the owner of the servient estate can be found, provided all of the elements of adverse possession are established. See *Stozenski v. Borough, supra*, and *Wolfman v. Jablonski, supra.* Estoppel, such as where the grantee knowingly permits actions by the grantor inconsistent with the grantee's rights, can extinguish a way-of-necessity. See *Smith v. Rowland*, Pa.Supr., 243 Pa. 306, 90 A. 183 (1914); *Klein v. Dove*, Md.Ct.App., 205 Md. 285, 107 A.2d 82 (1954). Improvements to the ser-

vient estate must be viewed within the unique factual context. Significantly, agricultural improvements on the servient estate have been found insufficient to extinguish a way-of-necessity. *Les v. Alibozek,* 269 Mass. 153, 168 N.E. 919 (1929); Annotation, *Loss of Easement,* 25 A.L.R.2d 1301.

### B.

 Applying the foregoing general principles in the present case: the Trial Court correctly found that traditional equitable defenses apply to a way-of-necessity "as in any other easement." However, the Court erred as a matter of law in holding that any easement that might have been created was "extinguished by nonuse for over 170 years." Because non-use alone is insufficient, and because Glasgow Trust failed in its burden of establishing "clear and unequivocal" extinguishment, *Adams v. Hodgkins, supra,* 84 A. at 531; *Klein v. Dove, supra;* 2 *Thompson on Real Property, supra,* § 443, we reverse.

In reaching its conclusion, the Trial Court assumed, *arguendo,* that an easement had been created. There was no actual finding or adjudication of fact below as to the creation of an easement of necessity.* We note the Trial Court's comment that "both parties candidly conceded . . . there are no other facts which could be adduced at trial." However, before this Court, counsel asserted that other facts can be adduced. Therefore, we remand for an evidentiary hearing and an express finding regarding the existence or non-existence of a way-of-necessity.

### III.

Glasgow Trust appeals the order of the Trial Court denying its motion for sanctions against Pencader for failure to conform to the rules of discovery. Imposing sanctions in discovery matters lies within the discretion of the Trial Court. *Rittenhouse Associates v. Frederic A. Potts,* Del.

---

* The Trial Court stated as to the creation of an easement, "*It is not clear* . . . that in 1810 there was no access to the 25-acre tract over the lands to the north and west. . . ." As to extin-

Supr., 382 A.2d 235 (1977). Finding no abuse of discretion, we affirm.

\* \* \*

Reversed upon the appeal and remanded for further proceedings consistent herewith. Affirmed upon the cross appeal.

guishment, the Court said, "I . . . find that the easement of necessity—*if it ever existed*—has been extinguished by nonuse for over 170 years." (emphasis supplied)