LASSER, P.J.T.C.
Taxpayer contests the 1988 real property tax assessments, as reduced by the Warren County Board of Taxation, on three parcels of vacant land in the Township of Frelinghuysen, Warren County, known as Block 12.01, Lots 26.01, 35, and 36. The lot sizes, 1988 assessments and Warren County Board of Taxation judgments are:
[[Image here]]
A municipal-wide revaluation at 100% of true value was adopted for 1988.
Lots 26.01 and 36 are contiguous. Lot 35 is in the immediate vicinity but not contiguous. These three lots are located south of Route 94 between Routes 94 and 519 near the northeastern borderline of Frelinghuysen Township and Green Township, Sussex County. On the October 1, 1987 assessing date, all three parcels were landlocked, having no access to an existing public road. The road nearest to these parcels is approximately one-half mile away. All three parcels have irregular topography with some steep slopes. Lot 26.01 also contains a large pond. Title was acquired by the current owner, a partnership, as a result of the purchase and foreclosure of tax sale certificates.
The real property appraisal experts for the taxpayer and the taxing district estimated the value of the subject property by the sales comparison approach. They sought by this approach to value the property in its landlocked condition. Taxpayer’s appraisal expert relied on two sales of vacant land. The first was of a property in Frelinghuysen Township containing 129.35 *9 acres, which sold on September 30, 1986 for $260,000, or $2,010 an acre. This property had road frontage. This expert made adjustments to the sale price for time (+ 5%), size (+ 5%) and topography (— 10%) and deducted 60% for the subject’s lack of road frontage, which adjustments reflected a value of $804 an acre for the subject property. The second sale was of a 110.35 acre landlocked parcel in Independence Township on December 12,1986, at a purchase price of $85,000, or $770 an acre, which, after adjusting for time, size, accessibility and topography, reflected a price for the subject of $847 an acre. This expert concluded that the subject property had a value of $800 an acre and that, therefore, the values of the three parcels are $36,500, $20,600 and $8,200, respectively.
Taxing district’s appraisal expert relied on sales of three properties. The first was of a landlocked parcel in Blairstown Township, 5.7 acres in size, which sold in December 1987 for $35,000, or $6,140 an acre. This expert adjusted the sale price for dissimilarities to the subject and concluded that the subject would sell for $3,070 an acre. The second sale, of a 24.4-acre landlocked parcel in Independence Township in August 1987, was for $75,000, or $3,074 an acre, which this expert adjusted to the subject to reflect $2,306 an acre. The third sale, of a five-acre landlocked parcel in Harmony Township in June 1989, was for $20,000, or $4,000 an acre, which this expert adjusted to $2,000 an acre to reflect the value of the subject property. From these three sales this expert concluded that the subject property had a value of $2,000 an acre for upland and $1,000 an acre for the 13.58 acres of wetland in Lot 26.01.
The subject property is in an AR2 residential zone. Testimony of one of the owners indicated that attempts to purchase a right-of-way to the property from adjoining land owners had been unsuccessful. He also testified that if access could be obtained, development of the subject property would be limited because substantial areas of the property have steep slopes exceeding a 15% grade and construction of roads, wells, sewage disposal systems and structures is prohibited in these steep slope areas.
*10 The subject property must be valued in its condition on October 1, 1987, taking into consideration changes in use that may reasonably be anticipated on that date. Valuation should be predicated upon information known or reasonably anticipated as of the assessing date. New Brunswick v. Div. of Tax Appeals, 39 N.J. 537, 545, 189 A.2d 702 (1963); Lamm Associates v. West Caldwell Boro., 1 N.J. Tax 373, 388 (Tax. Ct.1980).
Taxpayer’s contention that the assessment, as reduced by the Warren County Board of Taxation, should be further reduced is based on the assumption that the property has no use because it has no access. The use of sales of other landlocked property or the adjustment of sale prices of property in the area with frontage are not wholly satisfactory in valuing landlocked property because of the limited market for such property and the varying intentions and negotiating strengths of the parties. However, in this case, it is not necessary to value the property as landlocked because on the assessing date the assessor could reasonably have anticipated that the taxpayer had a right to an easement by necessity across adjoining lands.
An easement by necessity arises where there has been unity of ownership and a subsequent severance of title resulting in the grantor or grantee owning a parcel which is landlocked. Ghen v. Piasecki, 172 NJ.Super. 35, 41, 410 A.2d 708 (App.Div.1980). “Such an easement is created as a result of a strong public policy that no land may be inaccessible or useless.” Id. at 42, 410 A.2d 708. Further, under New Jersey law, the owner of the burdened land is not entitled to compensation from the owner of the landlocked parcel. Id. at 43, 410 A.2d 708. However, there is a burden on the party asserting the right to an easement by necessity to prove “that there has been a unity of ownership of the alleged dominant and servient estates, for no one can have a way of necessity over the land of a stranger.” Poulos v. Dover Boiler Plate Fabricators, 5 N.J. 580, 587, 76 A.2d 808 (1950).
*11 While there is little doubt of prior unity and severance, taxpayer argues that because of the complexity of the title it is extremely difficult to determine over whose land the taxpayer would be entitled to an easement. However, at trial it presented no evidence to this effect, but rather relies on counsel’s assertions that instruments are unrecorded and unclear, that poor surveying techniques had been used and that the acquisition of title by tax foreclosure and the statute of limitations might prevent taxpayer from obtaining an easement. As plaintiff in this action, taxpayer has the burden of proof, which has not been met by these assertions. For valuation purposes, the availability of the easement need not be known, but rather it need only be “reasonably anticipated” that taxpayer will be able to determine with which parcel there had been unity of ownership, and thus, over which entitlement to an easement by necessity exists.
I find, based primarily on taxpayer’s expert’s Frelinghuysen Township sale, that $2,000 an acre is a reasonable value for the subject land, with the exception of the 13.58 acres of wetland on Lot 26.01. As to this wetland, based on taxing district’s expert’s testimony, I find the reasonable value to be $1,000 an acre. I note that there is neither evidence of the actual size of the area with steep slopes nor evidence of the extent to which residential development would be inhibited thereby. Applying these $2,000 and $1,000 an acre values to the subject parcels results in values which support the judgments of the county board of taxation for the subject lots for tax year 1988, as follows:
[[Image here]]
The Clerk of the Tax Court is directed to enter judgments affirming the judgments of the Warren County Board of Taxation.