## NATHAN G. KENYON *vs.* JONATHAN NICHOLS.

A clause in a deed conveying land "with all the buildings, ways, privileges, and appurtenances to the same belonging," is appropriate language to convey an easement or appurtenance already existing and belonging to the land, but not to create a new one.

Where a plat, record or monument, or another deed is referred to, in a deed, for a description of the premises intended to be conveyed, it becomes for this purpose a part of the deed; but the reference to a plat must be certain, so that upon the production of the plat it will appear to be the plat referred to. But though a plat may be referred to for a description of the premises conveyed, it cannot be referred to in order to enlarge or diminish the effect of the words of conveyance in the deed.

Votes and resolutions of the General Assembly, and the acts of their Committees, cannot be referred to for a description of the premises intended to be conveyed by an agent of the General Assembly, unless they are referred to in the deed for that purpose.

*Semble.* That a bill might be maintained in such a case against an individual vendor to compel a performance by executing a deed of premises so described.

An easement may be created either by an express or an implied grant. A grant may be implied by prescription; or upon a severance of an heritage, a grant will be implied of all those continuous and apparent easements which have in fact been used by the owner during the unity, though they have had no legal existence as easements. But an easement cannot be created by representations of a committee of the General Assembly, plat and sale under these; they do *not* amount to an express grant which *must be under seal,* and they furnish no ground on which to imply one.

A right of common can no more pass by an estoppel *in pais,* than land.

THIS was an action on the case for an injury to the plaintiff's right of common of sea-weed. The plaintiff claimed as appurtenant to his farm, (being one of the so-called Sewell farms, which had been confiscated to the State, and under a conveyance from which to Nathan Kenyon, the plaintiff claimed,) the right of taking sea-weed or sea-manure in a certain place or common, called the Common Lot, every year and at all times of year. (See the pleadings fully set forth, *Supra* p. 106.) The jury having returned a verdict for the plaintiff, the defendant moved for a new trial, "because the Court improperly rejected testimony of witnesses to prove that the lot called "Common Lot," in which the plaintiff claims for himself and the other owners of the Sewell estate the exclusive right of common to take sea-weed, was a common lot before the purchase and confiscation of said Sewell estate, for all the people of this State, and was recognized as a public common by the committee, who laid off and sold the Sewell estate, which evidence, if laid before the jury, would have caused a verdict to have been rendered for the defendant for his costs. Also, because the verdict is contrary to all the law and evidence in the case."

GREENE, C. J.   The plaintiff claims the right to the sea-weed, as appurtenant to a a tract of land, conveyed by Joseph Clarke, General Treasurer of the State of Rhode-Island, to Nathan Kenyon.

The plaintiff derives his title by deed from Nathan Kenyon, and the decision of the cause depends upon the construction of the deed.

After describing the land intended to be conveyed, the deed contains the following clause : " with all the buildings, ways, privileges and appurtenances to the same belonging."

This is appropriate language to convey an easement or appurtenance already existing, and belonging to the land, but not to create a new one.   In *Whalley vs. Thompson*, (1 Bos. & Pul. 370,) the facts were these.   The testator was seized in fee of adjoining closes A. & B., over the former of which a way had been immemorially used to the latter close, and devised close B. with the appurtenances.   Held, that the devisee cannot under the word appurtenances, claim a right of way over close A. to close B., as no new right of way is thereby created, and the old one was extinguished by the unity of seizin in the devisor.

In *Clements vs. Lambert*, (1 Taunt. 204,) it was held; after an easement has been extinguished by unity of possession, a new easement is not created by a grant of a messuage and land with common appurtenant, though those who have occupied the tenement, since the extinguishment, have always used common therewith.   To the same effect is *Grymes vs. Peacock*, (1 Bulstrode 17;) and *Saundeys vs. Oliff*, (Moore 467, Gale & Whatley on easements, page 32.)

In *Bradshaw vs. Eyre*, (2 Cro. El. 570,) it was held; if A. has a house with common appurtenant in the hands of B., and conveys it to B., the old right of common is extinguished by the unity of possession; but if B. leaves it "with all commons used therewith," it is a good grant of a new right of common during the term. Gawdy and Fenner held by the words of the lease in that case "of all commons, profits, &c., occupied or used with the messuage, &c.," it is a good grant of a new common for the time; for although it were not common in the hands of the feoffor, yet it is quasi common used therewith; and although it be not the same common it was before, yet it is the like common.

To the same effect is *Worledy vs. Ringswel*, (2 Anderson 168, S. C. Cro. Eliz. 794.)

The construction established by these authorities, (and other cases might be cited,) is certainly the reasonable and natural one, and corresponds with the plain import of the words. When the grantor says he conveys the land, with all the appurtenances and privileges belonging thereto, he means appurtenances and privileges existing and belonging to the land at the time; but he does not mean to create new appurtenances. That would require different language. The words which I have quoted from the deed being insufficient, is there any thing in any other part of the deed, which supplies this defect?

Are we at liberty to refer to the plat which is produced by the plaintiff, and to the votes and resolutions of the General Assembly, and the acts of their Committees? It is undoubtedly true, that when a plat is referred to in a deed, for a description of the premises intended to be conveyed, it becomes for this purpose a part of the deed, and the same may be said of a record, or another deed, or a monument.

Nathan G. Kenyon *vs.* Jonathan Nichols.

But in order to make a plat a part of the deed, the reference to it must be certain, so that upon the production of the plat it will appear to be the plat referred to.

Now in the present deed there is no reference to any plat. The land conveyed is bounded on lot No. 2, and on lot No. 4, but on what plat, or whether on any plat, does not appear. Lots may be numbered, without being platted. The lots are numbered in the report of the sale made to the General Assembly by the Committee appointed for that purpose. Besides, although a plat may be referred to in the deed, for a description of the lot from which the sea-weed was to be taken, yet such reference cannot be made to convey the right to take it. That must be done by words of the deed. In this case the words of the deed convey existing rights, but do not create any new one ; and the plat is referred to by the counsel for the plaintiff, to show that the grantor intended to convey a new right. This would be to enlarge the meaning of the words of the deed in violation of the statute of frauds. When we refer to a plat for a description of the land intended to be conveyed, such reference is not to enlarge or diminish the effect of the words of conveyance in the deed, but to give them efficacy, and the operative words of conveyance are found in the deed itself.

Suppose a deed conveyed a life estate in land, could a plat be referred to, to enlarge that life estate into a fee. Parol evidence would be admissible, to show what the existing appurtenances were, but not to show that the grantor intended to convey new ones, and a plat stands on the same ground with parol evidence.

With regard to the votes and resolutions of the General Assembly, and the acts of their Committees, they

cannot be referred to for a description of the premises intended to be conveyed, unless they are referred to in the deed for that purpose. Now, the only reference to the General Assembly is, to show that Joseph Clarke, who executed the deed, acted under their authority, and for and in behalf of the State in so doing. When the State conveys land by deed, it must do it in the mode prescribed by law, and the deed must be construed according to the rules of law. Suppose the Committee who sold had been authorized by resolution of the General Assembly, in express terms, to sell to the purchasers of the Sewell farm, the right to take sea-weed on the 10 acre lot, and the Committee had sold such right and taken pay for it; still, if the deed of the General Treasurer contained no reference to these acts and proceedings as descriptive of the premises intended to be conveyed, they could not be referred to for that purpose.

Perhaps a bill might be maintained in such a case against an individual vendor to compel a performance by executing a deed sufficient to convey the right, but until such conveyance, the purchaser could not stand at law upon his title.

No evidence was offered by the plaintiff to show that the right claimed by him, was an appurtenant of the land, at the time of the execution of the deed of the General Treasurer. We think no right to take sea-weed passed by that deed, and the verdict, therefore, in favor of the plaintiff, must be set aside and a new trial granted.

After the preceding opinion was delivered, the counsel for the plaintiff applied to the Court to be further heard, and contended,

Nathan G. Kenyon *vs.* Jonathan Nichols.

*First.* That a right of common might be created by the act of the grantor.

*Second.* That representations of the committee, plat and sale under these, are such acts as create a right of common.

*Third.* Estoppel is good against the State, and confers good title against trespassers, although estoppel is *in pais*, and not by deed.

GREENE, C. J. With regard to the first proposition, that is recognized as law in the opinion already delivered. The difficulty in the plaintiff's case lies in the nature of the acts, which he contends create a right of common. The second proposition states what these acts are. Now, there are two modes of creating an easement—one is by express grant, and the other by implication.

A grant may be implied in two ways. First, upon the severance of an heritage into two or more parts, and, secondly, by prescription. Upon the severance of an heritage, a grant will be implied of all those continuous and apparent easements which have in fact been used by the owner during the unity, though they have had no legal existence as easements. The implication here proceeds upon the presumed intent of both parties to the deed, that the grantee should have the same easements for the portion of the heritage conveyed as have been used by the grantor before the severance, (Gale & Whateley, Law of Easements, p. 18.)

Now, the representations of the Committee, plat and sale under these are, if anything, matters of express grant. Supposing for the sake of the argument, that they mean what the plaintiff's counsel say they mean, to wit, that the State intended to sell and did sell this right

of common with the land ; they do not amount to an express grant, which must be under hand and seal, and they certainly furnish no ground on which to imply one.

In the case cited by the plaintiff's counsel from 1 Hill, R. p. 189, the facts were these : D. owned four adjoining lots in the city of New-York and the land in front of them, the latter being designated in the commissioner's map as part of the site of a street ; and before the street was opened, he sold three of the lots, bounding the purchasers respectively by the street, conveying to them all his interest in the land within the street adjoining their several lots, subject to the use of the owners of the lots as a public street. It was held that his acts amounted to a dedication of the lands in the site of the street to the public use, and therefore upon the opening of the street he was entitled to no more than nominal damages for the land taken therefor in front of the fourth lot. The deed bounding the three lots on the street was held to be a grant of right of way to the grantee of these lots over the street in front of the fourth lot, and a dedication of the street to public use.

The deed of the General Treasurer to Nathan Kenyon, contains no reference to the common lots.

In the case cited from the 1 Hill R. p. 19, it was held that one who conveys lands in the city of New-York, bounding the purchase by a street, designated on the commissioner's map, thereby dedicates his adjoining land in the site of the street to the public use, so that on the opening of the street he will be entitled only to nominal damages therefor.

To the same effect is the case cited from 19 Wendall, p. 128.

We are not able to perceive that these cases have any application to the case at bar.

The third ground taken is an estoppel *in pais.*

A right of common can no more pass by an estoppel *in pais*, than land. An incorporeal right lies in grant, and can only be conveyed by grant express or implied, and the difference between lands and incorporeal rights at common law is, that the former may pass by delivery, by deed or without deed, but easements only by grant. (Coke Litt. 9 and 42. Gale & Whateley, Law of Easements, p. 19.)

In *Hewlins vs. Shippam*, (5 Barn & Cress 221) it was decided that a right to the drain running through the adjoining land can only be created by deed.

In *Fentiman vs. Snith*, (4 East. p. 107,) the facts were, the defendant gave the plaintiff leave by *parol* to put a tunnel in his, the defendant's, land, to carry water to his, the plaintiff's, mill ; and the defendant agreed to pay the plaintiff a guinea therefor. The plaintiff built the tunnel, the defendant assisting. The defendant obstructed the tunnel. Held, that the right could not pass by *parole*, and if the plaintiff held by license, it was revokable at any time.

Now the case at bar presents no stronger ground for claiming the right under an estoppel *in pais* than the case cited.

Again, an estoppel binds only parties and privies. The defendant sets up no title under the State, or in any other way,—he puts the plaintiff to the proof of his title. That title is by way of estoppel against the State, and all claiming under the State, but cannot avail against the defendant who is a stranger to it.

In the view we have taken of this case, we have taken it for granted, that the right claimed in the present case might pass by an implied grant, and that the word used in the deed, (appurtenances,) is sufficient to convey it by express grant.

It may well be doubted, whether the easement claimed be continuous and apparent so as to bring it within the rule of a grant by implication.

Motion denied.