Miller, J.
i.^basement : buildings: tenants in common. The evidence fully sustains the averments in plaintiffs’ petition, and shows that in the year 1857 James M. Overman, D. O. Overman, E. O. Meredith and Edwin Brown were owners in common of lots 9, 10 and 11 in Mill square addition to Cedar Falls; said lots being each twenty-two feet front on Main street by eighty feet deep, and contiguous to each other.
That in the same year an oral agreement was entered into by the owners of these lots for partition of the same; whereby Overman and the others were to have lots 9 and 11, and Brown to have lot 10, situated between the other two lots, and for the erection of a three-story brick building upon the whole premises, upon a plan then agreed upon between them; that this agreement was carried out by the parties in the erection of a building with one main entrance and stairway leading to the second floor of the building (the stairway being situated equally upon lots 10 and 11), to a common landing at the head of the stairs on said lots; and a large hall in the third story reached by a stairway running from this common landing, built also upon lots 10 and 11, said hall occupying *380 the whole of the third story of the building. On the second floor a hall or passage-way was constructed, ten feet in width, leading from the common landing across the bwilctvng on lot 10, and through an arched passage in the wall, between lots 9 and 10, and to the outer wall of the building on lot 9.
The second floor of the building was divided into several small rooms, which have always been used for offices or similar purposes. The means of access to the rooms in the rear part of the building on lot 10, and to all the second and third stories on lot 9, was this stairway and hall. This entrance, common stairway and passageway was the only way of access to the second and third stories of the building, and has always been used for that purpose.
In 1858, in pursuance with the oral agreement of the parties, the other owners conveyed their interest in lot 10, with the appurtenances, to Brown, and Brown conveyed his interest in lots 9 and 11 to them, by deeds of general warranty, without reserving, by express words, any privileges as to the common use of the hall, passage-way, stairway or hall on third story.
In 1864, plaintiffs purchased of Overman and others lot 9, and have since that time been in possession by themselves and tenants — the third story having been used as a place of religious worship and for other public meetings until after the commencement of this action.
In March, 1868, the defendant purchased of Brown lot 10, and commenced to close up the hall, and avowed his intention to close the same with a wall across the arched passage-way, thereby obstructing the passage-way, and depriving the plaintiffs of the use thereof.
The evidence further shows that at the time the defendant purchased he knew of the arrangement of the stairways, passages, etc., and knew how they were used, but did not know of the agreement of the former owners in reference thereto,
*381 Subsequent to tbe purchase by the plaintiffs they had made some change in the direction of the small hall, had constructed a temporary partition across the hall, with window for the admission of light to the other part of the stairway and other part of the hall, and to this no objection had been made at any time by the proprietors of the building on lots 10 and 11.
The plaintiffs used their first floor for a hardware store, and had constructed a small stairway on the inside of the store room to the rooms in the second story, used by tinners and for storage. These changes did not, however, effect the general plan, occupation and use of the building, which, at the time the defendant purchased, remained as it had been from its first erection.
Here, in the first place, we find the owners of three contiguous lots erecting a block of buildings covering the entire lots, upon a plan agreed upon between them, and so arranged that, after the partition agreed to and finally consummated, the owner or owners of each building would have the full use and enjoyment of the building conveyed to him by the others. The owners of lot 9, after the partition, by the use of the stairway and hall, would be enabled to use their building as if they had also owned lot 10, lying between lots 9 and 11. Did the owners of lot 9 surrender the right of way across lot 10 by conveying the same in fee, with warranty, to Brown ? We think not. On the contrary, when Brown conveyed his interest in lots 9 and 11, he thereby conveyed every thing appurtenant thereto, and which was necessary to the full enjoyment of the same as the building was then constructed and arranged. That the agreement of the owners of the building as to the plan of construction, and its erection in accordance with such plan, with a passage-way from the front across lots 10 and 11, affording access thereby to that part of the building on lot 9, gave to the owners of that lot a right of way across the other lots, there can *382 be no doubt. This right of way was appurtenant to lot 9 at the time of the mutual conveyances, and passed by the deed with the fee. 4 Kent’s Com. 497; Kent v. White, 10 Pick. 138; Karmuller v. Krotz, 18 Iowa, 352.
The making and delivery of a deed of warranty by Brown to plaintiff’s grantors, for his interest in lots 9 and 11 (he at the same time taking a like deed from his co-tenants in common), without reservations in either conveyance, so far from extinguishing the easement across lot 10, rather confirmed it, for, as we have seen by his deed, he granted and warranted to his grantees ¿very thing appurtenant to the property conveyed, and the right to its full enjoyment. The evidence shows that there was no other means of access to the second and third stories of the entire building than by the stairs and passage-way constructed by the owners in common at the time of the erection of the building. The use of these stairs and passageway was a necessity to the use of the several portions of the second and third stories, and appurtenant thereto, and conveyed with the lot. Washburn on Easements, 218.
a__pur_ oiiaser: notice. The use was continued up to the time of the purchase by the defendant. He purchased with knowledge of the plan and construction of the building, and of the common Uge 0f the stair-way and passage-way. He was, therefore, charged with notice of the rights of the plaintiff. Baldwin v. Thompson, 15 Iowa, 505; Suiter v. Turner et al., 10 id. 517; Dickey v. Lyon et al., 19 id. 544, and cases cited in the opinion of Cole, J.
Having thus purchased with notice of the rights of the plaintiff, he stood in no better position than his grantor, and as he could not have extinguished the easement without the agreement of the owner of lot 9, neither can the defendant do so.
The judgment of the court below is
Reversed.