MARY O'RORKE *vs.* MARY SMITH.

M. C., owning a tract of land bounded N. by W. Street, conveyed to D. the west portion whereon was a well, reserving a right to use the well by the words, "excepting a privilege to the well of water on said lot, which I reserve for the use of my said homestead estate," this homestead estate being the remainder of the tract. M. C. devised to J. in fee simple the land between the house and the lot conveyed to D., together with a tenement in the house, and to S. the rest of the homestead estate. For a long period, but not for the time required to gain an easement by prescription, all the occupants of the homestead estate had crossed the land between the homestead and D.'s lot on their way to the well.

In trespass *quare clausum* brought by the grantees of J. against S.: —

*Held,* that the way across J.'s lot could not be claimed as a way of strict necessity.

*Held,* further, that the way could not be implied from the circumstances of the case as one reasonably necessary.

*Query.* Whether the grant of a way existing *de facto* can be implied except in cases of strict necessity.

*Semble,* that the claimant of such grant must be required to show that without the way he will be subjected to an expense excessive and disproportioned to the value of his estate, or that his estate clearly depends for its appropriate enjoyment on the way, or that some conclusive indication of his grantor's intention exists in the circumstances of his estate.

EXCEPTIONS to the Court of Common Pleas. The facts are stated in the opinion of the court.

*Browne & Van Slyck,* for the plaintiff, in support of the exceptions, cited *Providence Tool Co.* v. *Corliss Steam Engine Co.* 9 R. I. 564, and cases therein referred to; *Brown* v. *Rhodes,* 1 C. & M. 438.

*Pardon E. Tillinghast,* for the defendant, contended: —

1. The grant of a right of way was necessarily implied. *Kenyon* v. *Nichols,* 1 R. I. 417; Washburn on Easements, *42, *44, *48; *Dunkler* v. *Wilton R. R. Co.* 24 N. H. 489.

2. The reservation in Coyle's deed created an easement. *Underwood* v. *Carney,* 1 Cush. 285; *Whitney* v. *Lee,* 1 Allen, 198.

3. A purchaser takes his land burdened or benefited by any peculiar qualities manifestly annexed to it by the seller. *Seibert* v. *Levan,* 8 Pa. St. 383.

4. In the absence of express reservations the plaintiff's lot is subject to the easement claimed by the defendant. *Brakely* v. *Sharp,* 10 N. J. Eq. 206.

5. The easement claimed by the defendant is reasonably necessary, and was therefore conveyed to the defendant by the grant to him. Washburn on Easements, *61, *52, *54–*56, *528–9.

6. Or the easement passed as an appurtenance. *Kent* v. *Waite*, 10 Pick. 138 ; *Brown* v. *Thissell*, 6 Cush. 254 ; and had become fixed by long use and acquiescence. Washburn on Easements, *169 ; *Barnum* v. *Angier*, 2 Allen, 128 ; *Garrety* v. *Duffy*, 7 R. I. 476.

The diagram represents the premises in question.

The dotted line is the route taken by the defendant to the well.

*December* 27, 1875. DURFEE, C. J. This is an action of trespass *quare clausum fregit*, to which the defendant pleaded in justification a right of way. The action was tried in the Court of Common Pleas to the court, and judgment rendered for the defendant. It comes before us by bill of exceptions, the exceptions being accompanied by a statement of facts proved on the trial. The statement is in substance as follows : —

The plaintiff and the defendant are owners of adjoining lots fronting on Weeden Street, in the former town of North Providence, now Pawtucket. The two lots were formerly part of a larger estate belonging to Michael Coyle. On the 11th May, 1866, Coyle sold the part not covered by the two lots to P. G. Delany. On the part so sold there was a well. In the deed to Delany, Coyle reserved a right to use the well in the following words, viz. : "Excepting a privilege to the well of water on said lot, which I reserve for the use of my said homestead estate." The two lots now owned by the plaintiff and the defendant were embraced in what was then the "said homestead estate." Michael

Coyle lived there after the sale till his death. He died after May 16, 1866, leaving a will bearing date of that day, which was approved November 5, 1866. In the will he devised the homestead estate to his wife for life, and, after her decease, to his son, John Coyle, and his daughter, Mary Smith, the defendant, in fee simple: devising to John the tenement occupied by himself, with the lot of land westerly from the house, being the lot now owned by the plaintiff; and to Mary Smith the basement and attic tenements, with the share of land belonging to the same on the easterly side thereof, being the lot which she now owns. The widow of Michael Coyle died many years ago. The part of the homestead estate devised to John Coyle came to the plaintiff by mesne conveyances previous to June 17, 1872. The part devised to Mary Smith was in her possession June 17, 1872. The lot now owned by the plaintiff is nearest the land sold to Delany. A path leading from the defendant's lot to the well crosses the plaintiff's lot. The tenants and occupiers of all portions of the homestead house had, for some years (but not twenty years), both before and after the death of Michael Coyle, used the well, and the path to go to and from the well, when they saw fit. The plaintiff built a fence across the path on the line between his lot and the defendant's, and on the line between his lot and the Delany lot. On the 17th June, 1872, the defendant removed the lengths of fence stretching across the path, as being obstructions to her right of way along the path to and from the well, this removal being the trespass complained of.

The statement shows, in addition to the facts above stated, that both parties could go to the well in another way, by first passing directly from their own lots into Weeden Street, then down Weeden Street to the Delany lot, and across the Delany lot; but this way was not the accustomed way, was more burdensome to the Delany lot, and it was not known that the owners of the Delany lot would consent to its use.

The plaintiff contends that Michael Coyle, being the absolute owner of the estate, had the right to dispose of the lot which he now owns unincumbered by the way; that Michael did so dispose of it when he devised it to John Coyle in fee simple, and that under John Coyle he holds it unincumbered.

The defendant contends that by force of the reservation in the

deed to Delany, the privilege of the well became appurtenant to the homestead estate and to every part of it, and consequently to the part which she now owns; and that inasmuch as she cannot use the privilege without the way, she is entitled to the way, either as a way of strict necessity, or as a way which, being reasonably necessary, may be implied from the circumstances.

*First.* We do not think the defendant is entitled to the way as a way of strict necessity. Ordinarily, such a way is implied as incident to an express grant upon the presumption that when a man grants a thing he intends likewise to grant that without which the thing granted cannot be enjoyed. The privilege of the well has not been expressly granted or devised. If it passed to the defendant it passed to her as appurtenant to the estate which was devised to her, and that, too, without any mention, even in the most general way, of appurtenances. Now it will not be denied that Michael Coyle had the power to devise the estate without the privilege. He might have done so in express terms. Or, again, he might have expressly devised the intervening lot unincumbered by the way, in which case the privilege, if dependent on the way, would be extinguished by implication. The devise of the intervening lot in fee simple was *primâ facie* equivalent to such a devise; for *primâ facie* it gave the devisee as perfect an estate as the devisor himself had, and the devisor himself had an estate so unincumbered.

*Second.* Is the plaintiff entitled to the way as a way which, being reasonably necessary, may be implied from the circumstances of the estate?

The law in regard to the creation of easements by implication, where estates which have been united in a single ownership are severed by deed, will, or partition, is elaborately discussed in the third and last edition of Washburn on Easements and Servitudes, published in 1873. The cases there collected and collated are somewhat discordant, but they are very generally to the effect that, where the easement or *quasi* easement is continuous, apparent, and reasonably necessary to the beneficial enjoyment of the estate for which it is claimed, a grant thereof will be implied. The rule applies especially in favor of easements of air and light, lateral support, partition walls, drains, aqueducts, conduits, and water-pipes or spouts, all these being continuous easements tech-

nically so called, — that is to say, easements which are enjoyed without any active intervention of the party entitled to enjoy them. Ways are not in this sense continuous easements, but discontinuous or non-continuous, being enjoyed only as they are travelled. This distinction, however, between ways and the other easements mentioned has not been uniformly regarded, and there are cases, especially in Pennsylvania, in which it has been held that ways which are visibly and permanently established on one part of an estate, for the benefit of another, will, upon a severance of the estate, pass as implied or constructive easements appurtenant to the part of the estate for the benefit of which they were established. *Kieffer* v. *Imhoff*, 26 Pa. St. 438 ; *McCarty* v. *Kitchenman*, 47 Pa. St. 239 ; *Phillips* v. *Phillips*, 48 Pa. St. 178 ; *Penn. R. R. Co.* v. *Jones*, 50 Pa. St. 417 ; *Cannon* v. *Boyd*, 73 Pa. St. 179 ; *Thompson et al.* v. *Miner*, 30 Iowa, 386 ; *Huttemeier* v. *Albro*, 2 Bosw. 546 ; affirmed, 18 N. Y. 48. But in New Jersey the doctrine was held to be inapplicable to ways. *Fetters* v. *Humphreys et als.* 19 N. J. Eq. 471. And there are many English cases in which the application of the doctrine to ways has been denied. *Pheysey et ux.* v. *Vicary*, 16 M. & W. 484 ; *Whalley* v. *Thompson et al.* 1 Bos. & Pul. 371 ; *Worthington* v. *Gimson*, 2 El. & E. 618 ; *Dodd* v. *Burchell*, 1 H. & C. 113 ; *Polden* v. *Bastard*, 4 B. & S. 258, and affirmed, L. R. 1 Q. B. 156 ; *Thompson* v. *Waterlow*, L. R. 6 Eq. 36 ; *Langley et al.* v. *Hammond*, L. R. 3 Exch. 161; and see *Pearson* v. *Spencer*, 1 B. & S. 571, and affirmed, 3 B. & S. 761 ; *Daniel* v. *Anderson*, 31 L. J. (N. S.) 610, cited in Washburn on Easements (3d ed.), 59.

In *Dodd* v. *Burchell*, 1 H. & C. 113, the owner of an estate had conveyed a part of it upon which there was a way which he claimed to be entitled to by implied reservation, upon the ground that there had been a continuous user of it for a number of years, and that without it the land retained could not be reasonably enjoyed. The Court of Exchequer decided against the claim. Chief Baron Pollock said : " There is a wide difference between that which is substantial, as a conduit or watercourse, and that which is of an incorporeal nature, as a right of way. In my opinion if we were to adopt the principle contended for, it would be a most dangerous innovation of modern times. The law seems to me

particularly careful and anxious to avoid important rights to land being determined by parol evidence and the prejudices of a jury."

In *Worthington* v. *Gimson*, 2 El. & E. 618, Justice Crompton uses the following language: "It is said that this way passed as being an apparent and continuous easement. There may be a class of easements of that kind, such as the use of drains or sewers, as part of the necessary enjoyment of the severed property. But this way is not such an easement. It would be a dangerous innovation if the jury were allowed to be asked to say from the nature of a road whether the parties intended the right of using it to pass."

In *Polden* v. *Bastard*, 4 B. & S. 258, the owner of two adjoining estates devised them to different persons. There was on one of them a well and pump to which the tenant of the other was, when the will was made, and for some time before had been, in the habit of resorting for water, with the knowledge of the testatrix, using a foot-way from his dwelling-house into the yard where the pump was. He had no supply of water on his own premises, but might have obtained it there by digging a well fifteen or twenty feet deep. The testatrix devised the premises " as now in the occupation " of the tenant. The devisee sold to the defendant, who claimed the right to use the pump. The claim was not sustained. Erle, C. J., said: " There is a distinction between easements, such as a right of way, or easements used from time to time, and easements of necessity or continuous easements. The law recognizes this distinction, and it is clear that, upon a severance of tenements, easements used as of necessity, or in their nature continuous, will pass by implication of law without any words of grant; but with regard to easements which are used from time to time only, they do not pass unless the owner, by appropriate language, shows an intention that they should pass. The right to go to a well and take water is not a continuous easement, nor is it an easement of necessity."

We share the feeling expressed in these cases in regard to making rights in real estate dependent upon facts and circumstances which may be differently interpreted by different minds. If the grant of a way, existing previously *de facto*, can be implied from anything short of necessity, we think at any rate that the party

claiming the way should be required either to show, as in *Pettin-gill* v. *Porter*, 8 Allen, 1, that, without the use of the way, he will be subjected to what, considering the value of the granted estate, will be an excessive expense ; or to show, as in *Thompson et al.* v. *Miner*, 30 Iowa, 386, that there is a manifest and designed dependence of the granted estate upon the use of the way for its appropriate enjoyment, or to adduce some other indication equally conclusive ; and see *Worthington* v. *Gimson*, 2 El. & E. 618 ; *Leonard* v. *Leonard*, 7 Allen, 277, 283.

In the case at bar the legal grounds of the decision made in the court below are not explicitly stated, but only the decision itself, and the facts on which it was based. The question for us, as submitted to us in argument, is whether, the facts being as stated, the decision was right. We think it was not. It does not appear that the defendant's estate is dependent on the Delany well for its water supply, nor that the defendant has not a well of her own, or could not make a well for herself at moderate cost. And in regard to the way, it does not appear to have been established in the lifetime of Michael Coyle so definitely as to show a design on his part to subject the part of the estate now owned by the plaintiff to a *quasi* servitude in favor of the other part, — as, for instance, he might have done by inclosing the way with a fence, which should connect it with the part now owned by the defendant. Indeed, we do not see that the case at bar differs materially from *Polden* v. *Bastard*, 4 B. & S. 258, above cited : for, as we have seen, the privilege of the well not having been expressly devised, we cannot infer the way from the privilege, but must rather presume an extinguishment of the privilege unless the way may be otherwise implied. If the facts are not such that the way may be otherwise implied, the *primâ facie* right of the plaintiff to have his estate unincumbered by the way must prevail. We think the way cannot properly be implied from the facts which are stated. We therefore sustain the exceptions and grant the plaintiff a new trial. *Exceptions sustained.*

NOTE. — For a commentary on this case see Amer. Law Register N. S. vol. 16, p. 210, April, 1877.