DECISION
This is an action for injunctive relief in which the plaintiffs seek to have the Court enjoin the defendants from blocking access to a driveway over which the plaintiffs allege they possess an easement of some sort. The land in question is located at 58 Ashaway Road in the Town of Westerly. This parcel was originally a single lot held in common ownership by Ralph Durfee, the Grantor. Located on the parcel were four buildings, three houses and two garages. The entire parcel was serviced by three driveways all of which apparently connected with each other with each having a separate access onto Ashaway Road.
In December of 1988 Durfee lawfully subdivided the property into two separate parcels and sold one parcel to plaintiffs. One year later Durfee sold the remaining parcel to defendants. The driveway which is the subject of this dispute was retained by Durfee as part of the parcel he initially retained and subsequently sold to defendants.
Durfee testified that it was always his intention to grant a right of way to the Gacciones for the use of the driveway. The parcel which the Gacciones acquired contained two separate houses which Durfee had always leased to tenants. According to Durfee, the tenants used the driveway. The Gacciones also used the driveway after they acquired these houses and continued to use it after Durfee sold the second parcel to the defendants. The defendants have apparently now blocked the driveway and have prevented the plaintiffs from using it.
While Durfee testified he intended to grant an easement to the plaintiffs for their use and enjoyment of the driveway as a right of way, he did not do so. The deed from Durfee to the defendants reflects a utility easement in favor of the Narragansett Electric Company. This is the only easement of record. There is no language in the deed which suggests in any way that the conveyance was subject to any right of way in favor of the Gaccione property. Indeed, at the time of the closing in connection with his title guarantee, Durfee executed an affidavit which contains the following paragraphs:
 "(5) The Owner(s)/Seller(s) during the time of ownership of the property above described has/have conveyed no portion of the property nor done any act or allowed any act to be done which has changed or could change the boundaries of the property."
 "(6) The Owner(s)/Seller(s) has/have allowed no encroachments on the property above described by any adjoining land owners nor has/have the undersigned encroached upon any property of adjoining land owners."
 "(7) The Owner(s)/Seller(s) has/have allowed no easements, rights of way, continuous driveway usage, drain, sewer, water, gas or oil pipeline or other rights of passage to others over the property above described and has/have no knowledge of such adverse rights."
The Gaccione property has alternate access to Ashaway Road from a separate driveway; the parcel has 120' of frontage along Ashaway Road. Mr. Gaccione testified that both he and his wife always used the driveway, that it was the only driveway they used. He stated he now uses the driveway to access the rear of his property where his chicken coop is located and he has stored materials. According to Gaccione, he, understood he received a right of way from Durfee. No easement or right of way was granted by Durfee when he conveyed to Gaccione and more importantly, Durfee's deed to defendants contains no reference to any grant or reservation of any rights in favor of the Gaccione property.
Plaintiffs urge the Court to declare an implied easement in their favor for their continued use of the driveway. They base this argument on the intentions of the original grantor, Ralph Durfee, and the understanding of Mr. Gaccione.
Where a parcel of land is granted from a larger parcel, the grantee may successfully claim an easement by implication or necessity under certain conditions. An easement can be declared where the way had been in use at the time of the conveyance and it was delineated on a plat or subdivision plan that was properly recorded and referred to in the deed. Kenyon v. Nichols,1 R.I. 411 (1851); Catalano v. Woodward, 617 A.2d 1363 (R.I. 1992). Where the deed fails to make proper reference to the easement or is otherwise "inartfully drawn" Courts will construe the written instrument and give effect to the intention of the parties to grant such an easement. Catalano v. Woodward, supra. The inquiry begins with the written instrument.
Where the deed is silent and there is no reference to a right of way or easement in a plat or subdivision plan or in the deed itself, Rhode Island has traditionally drawn a distinction between continuous and non-continuous easements. A continuous easement is one which is in constant use and requires no active participation by the land owner. These easements usually involve drains, sewer pipes, easements for lateral support, partition walls and easements for light and air. Wiesel v. Smira,49 R.I. 246, 142 A 148 (R.I. 1928); O'Rourke v. Smith, 11 R.I. 259
(1875). The finding of an easement by implication for these uses is more easily accomplished than those easements which are not continuous or which require the active intervention of the owner to actually travel thereon, such as ways, roads, paths and driveways. O'Rourke v. Smith, supra, Wiesel v. Smira,supra, Providence Tool Company v. Corliss Steam EngineCompany, 9 R.I. 564 (1870). Non-continuous easements such as ways and driveways do not automatically pass upon the severance of an estate. There must be a specific grant in the deed. Rhode Island recognizes an exception to this rule where the way is one of necessity and not mere convenience. Providence Tool Companyv. Corliss Steam Engine Company, 9 R.I. 564 (1870); Kusiak v.Ucci, 53 R.I. 36 (1932). This element of necessity is essential for the finding of a quasi-easement or an implied easement for a path, way or driveway:
 An easement cannot arise by way of implication from an express grant, unless there be some circumstances connected with the grant, or the estate granted, which show that the easement claimed is necessary to the enjoyment of the estate granted or to its proper enjoyment. Whether the right is necessary to the proper enjoyment of the estate, is a question often complex and difficult of solution . . . Evans v. Dana, 7 R.I. 306, 311, (1862).
Clearly, the question of whether the right is necessary to the proper enjoyment of the estate is a one of fact. In Wieselv. Smira, supra, the Supreme Court undertook an analysis of the meaning of necessity and cited with approval the rule in Marine, New Hampshire and Virginia that "no necessity can exist and consequently no easement be implied where a substitute can be procured without unreasonable trouble or expense." 49 R.I. at 250. In Sweezy v. Vallette, 37 R.I. 51, the Court found there to be an implied grant of a right of way from a common grantor on the ground of necessity. The Court in Sweezy cited ValleyFalls v. Dolan, 9 R.I. 489 (1870) for the general rule that where the claimed right of way is not mentioned in the deed of conveyance, it is implied from the necessity of its existence to any enjoyment of the estate granted. "The grant therefore depends in the necessity and ceases with it." Sweezy v. Vallette,supra quoting Valley Falls Co. v. Dolan, supra at 494.
Thus, the necessity must be actual and real. Great inconvenience to the party claiming the grant is not sufficient.Valley Falls Co. v. Dolan, supra.
The deed from Durfee to the Gacciones contains no specific grant of a right to use the driveway. The only reference to any easements in the deed is as follows:
 "The above parcel is conveyed subject to and with any rights of way, easements or restrictive covenants of record."
No such easements or restrictive covenants exist in any record in this case. Indeed, since this parcel was originally held by a single owner, Mr. Durfee, there can be no easement in effect. It is well-established that no easement exists where the property is a single parcel possessed by a common owner. Wieselv. Smira, supra. Bovi v. Murray, 601 A.2d 960 (R.I. 1992);Catalano v. Woodward, supra. For an owner neither grants nor reserves an easement to himself.
Plaintiff suggests that Catalano v. Woodward, supra
represents a departure from the rule of necessity based upon the intention of the parties at the time of the conveyance. This reliance is misplaced. The Court in Catalano was simply ascertaining the intent of the parties as reflected in written instruments. While the Court suggested Catalano may also sustain a claim based on an implied easement, that is not the holding in the case. Further, the Catalano Court suggested an implied easement and cited Kenyon v. Nichols, 1 R.I. 411, at 417, that "upon the severance of a heritage, a grant will be implied of all those continuous and apparent easements which have in fact been used by the owner during unity, though they have no legal existence as easements. Kenyon v. Nichols, 1 R.I. at 417. The Kenyon Court specifically found that the representations of the committee which sold the land as authorized by the General Assembly as evidence of the intent of the parties furnish no grounds on which to imply the existence of an easement. The Court further declined to declare an implied easement and express its doubt that the elements of a continuous and apparent use could be established. Thus, Catalano does not represent a departure from the well established law of implied easements.
The evidence disclosed that the plaintiff has two driveways on his property and enjoys access to Ashaway Road in two locations. Thus, the Court concludes plaintiff has not established the requisite necessity to justify an easement by implication. The Court recognizes that Mr. Durfee testified he intended to create an easement over the driveway in favor of Mr. Gaccione. He did not do so. Further, the written instruments, including the title guarantee and the deed itself contain no such reference. There simply exists no written instrument from which the Court can attempt to glean the intent of the parties.Catalano v. Woodward, supra. The plaintiffs therefore, do not have an easement by implication. The right of way sought is one of convenience and not necessity.
Finally, the intervening ownership of the Birches also frustrate the plaintiffs in their quest for an implied grant. The Birches, as successors in interest to Durfee had no notice of the existence of an implied reservation. Adequate notice is a prerequisite to enforceability against successors interest. SeeKusiak v. Ucci, 163 A 226 (R.I. 1932), Beetchenow v. Arter,45 R.I. 133, 119 A 758 (1923). There exists no notice in any written instrument. Catalano v. Woodward, supra. The Court is not satisfied that the mere existence of a driveway among three driveways onto Ashaway Road is sufficient to establish adequate notice of a claimed right of way.
Plaintiffs' prayer for injunction relief must necessarily fail and is therefore denied. Counsel shall prepare an appropriate order.