June 10, 2021

**Supreme Court**

No. 2019-313-Appeal.
No. 2019-323-M.P.
No. 2019-442-Appeal.
(KC 17-1008)

Read's Landscape Construction, Inc.　　:

v.　　　　　　　　　:

The Town of West Warwick et al.　　:

NOTICE:　This opinion is subject to formal revision before publication in the Rhode Island Reporter.　Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email:　opinionanalyst@courts.ri.gov,　of　any typographical or other formal errors in order that corrections may be made before the opinion is published.

Supreme Court

No. 2019-313-Appeal.
No. 2019-323-M.P.
No. 2019-442-Appeal.
(KC 17-1008)

Read's Landscape Construction, Inc.   :

v.            :

The Town of West Warwick et al.    :

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.**  These consolidated appeals came before the Supreme Court on April 7, 2021, on appeal by the defendant, 4N Properties, LLC (4N or defendant), from a partial Superior Court judgment and order granting injunctive relief in favor of the plaintiff, Read's Landscape Construction, Inc. (RLC or plaintiff).  The defendant asserts that the trial justice erred (1) in granting summary judgment due to the existence of a number of disputed material facts and (2) in granting a permanent mandatory injunction due to what defendant argues is RLC's failure to establish irreparable harm and great urgency.  For the reasons set forth in this opinion, we affirm the judgment and order of the Superior Court.

**Facts and Travel**

On December 16, 2015, RLC entered into a purchase and sale agreement to buy from 4N a one-acre parcel of property located at Industrial Lane in West Warwick, Rhode Island. The agreement was contingent upon many conditions, including "[s]ubdivision approval by the [m]unicipality[.]"  In order to create the one-acre parcel, 4N subdivided its 14.49-acre parcel into four lots—labeled Lots A, B, C, and D—pursuant to a minor subdivision plan dated January 20, 2016 (January 20 minor subdivision plan).  The parcel at issue was identified as "Lot C."[1]  The January 20 minor subdivision plan included a metes and bounds description for Lot C and indicated that Lot C "has a right to utilize a 40' wide right-of-way for ingress and egress * * *."  The January 20 minor subdivision plan stated: "right of way referred to as Nunes Lane[.]"  In addition to its reference on the January 20 minor subdivision plan, Nunes Lane was also depicted as a right of way on plans previously recorded with the Town of West Warwick (the town) in 2007 and 2012.

The Town of West Warwick Planning Board unanimously approved the January 20 minor subdivision plan on February 1, 2016, and acknowledged in the meeting minutes that "Nunes Lane is a right of way."  The approved plan was signed by the town planner on April 6, 2016, and was recorded in the land

---

[1] The other lots created are as follows: Lot A is a 3.74-acre lot; Lot B is a 4.669-acre lot; and Lot D is a 6.73-acre lot designated for future development.

evidence records. The record reflects that another minor subdivision plan, dated January 5, 2016, also was prepared (January 5 plan).[2] The January 5 plan and January 20 minor subdivision plan contained an identical metes and bounds description for Lot C. However, the January 20 minor subdivision plan added language to specifically indicate that Nunes Lane was a "right of way referred to as" Nunes Lane. Although the January 5 plan was never considered or approved by the planning board—and the January 20 minor subdivision plan was considered, approved, and recorded—the January 5 plan was the plan set forth in the conveyance deed from 4N to RLC for Lot C.

Shortly after the April 6, 2016 filing of the January 20 minor subdivision plan, a third plan—an administrative subdivision prepared on behalf of 4N—was approved and recorded on April 27, 2016 (April 2016 administrative subdivision).[3] Unlike a minor subdivision, which is "[a] plan for a subdivision of land consisting of five (5) or fewer units or lots," G.L. 1956 § 45-23-32(25), an administrative subdivision involves only the "[r]e-subdivision of existing lots which yields no additional lots for development, and involves no creation or extension of streets. The re-subdivision only involves divisions, mergers, mergers and division, or

---

[2] Apparently, the January 5 plan was abandoned because it created five lots, and a minor subdivision could create only four lots.

[3] The record suggests that 4N submitted a proposal to RLC to construct the building planned for the site, but the plans changed and RLC ultimately selected another contractor.

adjustments of boundaries of existing lots." Section 45-23-32(2). The April 2016 administrative subdivision did not change Lot C's boundary lines or area, but it modified *Lot D's* boundary line, such that "it narrowed Nunes Lane by 10 feet[,] thus adding a strip of land 10 feet wide to Lot D"—similar to a hockey stick configuration—on the west side of Nunes Lane. Significantly, however, Nunes Lane is again referred to as "a right of way" on the April 2016 administrative subdivision and is again labeled as a "40 [foot] wide ingress [and] egress easement"; it is also listed in the street index on the plan. This administrative subdivision is not referenced in the warranty deed from 4N to RLC for Lot C.

On June 22, 2016, Lot C was conveyed by warranty deed to RLC. The deed set forth the identical metes and bounds description for Lot C contained in the January 20 minor subdivision plan and the January 5 plan. The deed referenced the unrecorded January 5 plan, stating that "[s]aid description being Lot 'C' as shown on that plan entitled 'Minor Subdivision Prepared for 4N Properties LLC * * * January 5, 2016 * * *.'" The deed also included language that "[s]aid plat is recorded with the Land Evidence Records of the Town of West[]Warwick in Plat Book 7 at Page 23." This reference, however, is to the January 20 minor subdivision plan, which is not referenced in the deed. The defendant maintains that the recordation reference was added after the closing without 4N's knowledge or consent. What is clear is that, after the closing, RLC did not have access to

Nunes Lane because a row of boulders was situated along the hockey stick portion of Lot D.

The plaintiff filed a complaint in the Superior Court on September 22, 2017, and an amended complaint on September 26, 2017. RLC alleged that 4N "committed fraud in the inducement and misrepresentation" by altering the Nunes Lane right of way and eliminating RLC's ability to use the right of way.[4] Specifically, RLC maintained that 4N "created a barrier by boulders so that [RLC] cannot access [its] [p]roperty through Nunes Lane as intended."[5] In its amended complaint, RLC sought a declaration that it "has a right of way in and to Nunes Lane" and injunctive relief prohibiting 4N from preventing RLC's use of Nunes Lane to access Lot C.

Shortly after filing its amended complaint, RLC moved for partial summary judgment against 4N. The trial justice determined that summary judgment was

---

[4] The Town of West Warwick and its finance director were also named as defendants in RLC's amended complaint. RLC alleged that the town defendants violated RLC's "property rights in illegally approving an administrative subdivision * * *." On February 8, 2019, the Superior Court granted RLC's motion to dismiss the town pursuant to Rule 41(a)(2) of the Superior Court Rules of Civil Procedure. Accordingly, all claims against the town defendants were dismissed with prejudice.

[5] The record reflects that, at some point prior to the closing, 4N placed boulders along Lot C's property lines, thereby blocking Lot C's access to Nunes Lane. In April 2018, and while litigation was pending, 4N placed additional trucks, boulders, and materials along Nunes Lane, further preventing RLC's access to Nunes Lane.

premature because there was "information that could be gained from discovery which may sharpen the issues * * *." As such, the trial justice directed the parties to engage in the discovery process and continued the summary-judgment motion. The plaintiff renewed its motion for partial summary judgment a year later, on December 4, 2018, arguing that the 2007 and 2012 recorded plans, the January 20 minor subdivision plan that created Lot C, and the warranty deed that conveyed Lot C to RLC each establish a right of way in and to Nunes Lane in favor of RLC. The plaintiff also argued, in the alternative, that there had been an incipient dedication of Nunes Lane by virtue of "the clear language and lines on the recorded plans themselves * * *."

The defendant filed an objection and a cross-motion for summary judgment, in which it argued that the right of way over Nunes Lane was abandoned by the recording of the April 2016 administrative subdivision, such that when Lot C was conveyed to RLC in June 2016, no right of way existed. Also, 4N maintained that the right of way "over Nunes Lane was specifically excluded from the sale" because a gate and boulders, which 4N contends were readily apparent before the closing, obstructed access to Nunes Lane, and that any language referring to a right of way was excluded from the warranty deed. Further, 4N claimed that there was no incipient dedication of Nunes Lane because RLC previously acknowledged that Nunes Lane is not a public road, there was no evidence that the town accepted

Nunes Lane as a public road, and, even assuming that an incipient dedication had occurred, material questions of fact remained as to whether 4N revoked "any unintentional incipient dedication claimed by RLC." Finally, 4N claimed that the deed was materially altered after delivery and, therefore, was potentially void.

A hearing on the parties' cross-motions for summary judgment was held on April 8, 2019, before a different trial justice. After hearing argument from the parties, the trial justice reserved decision and, on May 13, 2019, granted summary judgment in favor of RLC in a bench decision. In so ruling, the trial justice found that the warranty deed clearly and unambiguously granted "Lot C an easement over Nunes Lane"; therefore, he declined to examine extrinsic evidence, including affidavits asserting that 4N told RLC "that an easement over Nunes Lane would not be included in the sale of Lot C and the evidence of boulders blocking Nunes Lane from Lot C" was apparent.[6] The trial justice rejected 4N's argument that the April 2016 administrative subdivision plan abandoned the Nunes Lane right of way and, instead, found that "the recording of the Administrative Subdivision * * * does not change the private right of way granted to [RLC] in the Warranty Deed which was executed and recorded after the Administrative Subdivision." The trial

---

[6] The trial justice found that summary judgment was not appropriate as to RLC's claim that there had been an incipient dedication of Nunes Lane because "there is a genuine issue of material fact as to whether there has been a revocation of the [d]efendant's intent to dedicate." RLC has not sought review of that decision, and that issue is not before us.

justice also concluded that any alteration to the deed—which apparently added a reference to the date, book, and page in which the January 20 minor subdivision plan was filed—was not material because "[t]he recording information is nothing more than a mere reference point for future surveyors or title attorneys[,]" and that "adding the recording reference in no way materially changed what was conveyed by the Warranty Deed."

Thus, the trial justice declared that RLC had a right of way in and to Nunes Lane because the easement was not specifically excluded from the warranty deed, the metes and bounds description for Lot C used Nunes Lane as a boundary line in three distinct places, and the deed referenced the January 5 plan which, although unrecorded, clearly showed Nunes Lane as a right of way. The trial justice granted RLC's motion for partial summary judgment, denied 4N's cross-motion for summary judgment, and ordered that "[p]ursuant to the [d]eed * * * and the [p]lans referenced therein, [RLC] has a 40' right of way easement over Nunes Lane."

The plaintiff then moved for injunctive relief, seeking "a mandatory permanent injunction to order [4N] to remove all impediments it has placed upon Nunes Lane and abutting [p]laintiff's [p]roperty which prevents [p]laintiff from accessing its [p]roperty by and through Nunes Lane[,]" including "a barrier of large boulders[.]" 4N objected to the motion, arguing that the criteria for injunctive relief had not been met and that any easement to pass over Nunes Lane

did not entitle RLC to pass over Lot D, which remained 4N's property. The trial justice found after a hearing that RLC met the standards for mandatory permanent injunctive relief and ordered 4N to "remove any and all impediments located on Nunes Lane as well as any impediments located on or adjacent to Nunes Lane which block [p]laintiff's access to its property from Nunes Lane[.]"

The defendant timely appealed the trial justice's ultimate grant of partial final judgment, as well as his decision granting mandatory permanent injunctive relief. The matters were consolidated.[7]

---

[7] We pause to expound upon the travel of this case. After the trial justice granted summary judgment in favor of RLC, 4N moved, pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure, for the entry of final judgment on count one of plaintiff's complaint based upon the fact that injunctive relief had been granted and the issue of damages remained pending in the Superior Court. The trial justice denied the motion and refused to enter final judgment. Thereafter, 4N petitioned this Court for a writ of certiorari to review the Superior Court's denial of its Rule 54(b) motion (No. 2019-323-M.P.). We granted the petition, vacated the Superior Court order denying the Rule 54(b) motion, and directed the Superior Court "to enter a Rule 54(b) final judgment * * *." In accordance with our order, the Superior Court thereafter entered partial final judgment in favor of RLC; 4N filed a timely notice of appeal from the partial final judgment (No. 2019-442-A.). Thus, No. 2019-323-M.P. was resolved when the order on review denying the Rule 54(b) motion was vacated and quashed. We add that, before this Court, the parties take no issue with the determination that, based upon the eventual entry of partial final judgment by the Superior Court, the issue raised on certiorari is now moot.

4N also timely appealed the trial justice's decision granting injunctive relief (No. 2019-313-A.) and moved this Court for an emergency stay of that order. This Court granted 4N's "emergency motion to stay [the] injunction pending appeal[.]"

**Summary Judgment**

Before this Court, 4N first argues that the trial justice erred when he determined that no genuine issues of material fact existed and granted summary judgment in favor of RLC. Specifically, 4N submits that the trial justice erred because (1) the April 2016 administrative subdivision was recorded before the closing and it abandoned the Nunes Lane right of way; (2) the implied access from Nunes Lane is unnecessary because RLC has adequate access via Industrial Lane; (3) the deed was materially altered, thus precluding summary judgment; and (4) the January 5 plan and the January 20 minor subdivision plan are materially different from each other, thus creating ambiguity in the deed and precluding summary judgment.

"It is well settled that this Court reviews a hearing justice's grant of summary judgment *de novo*." *Broccoli v. Manning*, 208 A.3d 1146, 1149 (R.I. 2019). We, like the trial justice, "view the evidence in the light most favorable to the nonmoving party, and if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law, we will affirm the judgment." *Yanku v. Walgreen Co.*, 224 A.3d 1130, 1133 (R.I. 2020) (quoting *Ballard v. SVF Foundation*, 181 A.3d 27, 34 (R.I. 2018)).

We first turn to the issue of the allegedly altered deed, which 4N argues precluded summary judgment because it represented a disputed issue of material

fact. This alleged alteration is the recording reference to the January 20 minor subdivision plan. How this book and page reference came to be added to the deed and by whom is unknown. Although this may be a fact that is disputed in this case, this Court has recognized that "[d]emonstrating mere factual disputes will not defeat summary judgment; the requirement is that there be no *genuine issue of material fact.*" *Deutsche Bank National Trust Company for Registered Holders of Ameriquest Mortgage Securities, Inc. v. McDonough*, 160 A.3d 306, 311 (R.I. 2017) (emphasis added) (quoting *Moura v. Mortgage Electronic Registration Systems, Inc.*, 90 A.3d 852, 856 (R.I. 2014)). We agree with the trial justice's conclusion: Whatever occurred during this unorthodox real estate closing and the book and page reference is not a genuine issue of material fact that precluded summary judgment.[8]

The trial justice correctly found that, even assuming the deed was altered after the closing, there is no material difference between the January 5 plan and the January 20 minor subdivision plan as it relates to Lot C. Specifically, the trial

---

[8] 4N relies predominantly on the opinion of its closing attorney, Jean A. Boulanger, to argue that Nunes Lane does not exist as an easement for Lot C and, thus, 4N contends, a disputed issue of material fact existed that precluded summary judgment. According to 4N, Attorney Boulanger testified via affidavit "that the easement did not exist at the time of [c]losing two months after the recording of the Administrative Subdivision on April 27[, 2016]." It has not escaped our attention that Attorney Boulanger is the very person who drafted the deed with the reference to the January 5 plan and not the April 2016 administrative subdivision. Furthermore, there is no support in the law for 4N's assertion.

justice correctly determined that the alleged deed alteration is not material because "[t]he two separate plat plans do not differ as to the metes and bounds of Lot C and Nunes Lane bordering Lot C[;] * * * adding the recording reference in no way materially changed what was conveyed by the Warranty Deed." Thus, we conclude that there is no genuine issue of material fact with respect to the allegedly altered deed that would preclude summary judgment. The reference to the book and page is just that—a reference point for land evidence purposes. Further, the deed specifically refers to the January 5 plan, and that is the plan that governs the relationship of the parties.

We next turn to the issue of whether RLC owns an easement over Nunes Lane. This Court has recognized that "when a property owner subdivides land and sells lots with reference to a plat, the purchasers of those lots are granted easements in the roadways shown on the subdivision plan[.]" *Drescher v. Johannessen*, 45 A.3d 1218, 1230 (R.I. 2012) (quoting *Hilley v. Lawrence*, 972 A.2d 643, 651 (R.I. 2009)). A purchaser of a lot acquires "a right to use all of the streets delineated on the plat even [if] the plat is unrecorded." *Kotuby v. Robbins*, 721 A.2d 881, 884 (R.I. 1998) (quoting *Robidoux v. Pelletier*, 120 R.I. 425, 436, 391 A.2d 1150, 1156 (1978)). "The easement * * * 'is appurtenant to the property and passes with the conveyance of the property, unless specifically excluded, even though not

mentioned in the deed.'" *Newport Realty, Inc. v. Lynch*, 878 A.2d 1021, 1033 (R.I. 2005) (quoting *Robidoux*, 120 R.I. at 436, 391 A.2d at 1156).

Here, the record reflects that Nunes Lane was platted since at least 2007, and the conveyance of Lot C was made with reference to the unrecorded January 5 plan. It is well settled "that 'when a plat is referred to in a deed, for a description of the premises intended to be conveyed, it becomes for this purpose a part of the deed[.]'" *Catalano v. Woodward*, 617 A.2d 1363, 1366 (R.I. 1992) (quoting *Kenyon v. Nichols*, 1 R.I. 411, 414 (1851)). Consequently, the status of Nunes Lane is determined and controlled by reference to the January 5 plan. Even though unrecorded, the parties are bound by the January 5 plan of subdivision. *See id.* ("[A] deed which refers to a plat or subdivision plan will effectively grant rights to use roads delineated in the plan even if the plan has not been previously recorded."). On the January 5 plan, Nunes Lane is depicted as a forty-foot laneway that *abuts Lot C*, and the metes and bounds description in the deed confirms that Lot C abuts Nunes Lanes and not a strip of Lot D. Lot C does not abut a wall of boulders. Nunes Lane is also listed in the street index on the January 5 plan—and every plan filed—including the April 2016 administrative subdivision. Thus, because the January 5 plan was incorporated into the deed conveying Lot C, it had the effect of granting an easement appurtenant over Nunes Lane, in favor of Lot C. Nowhere in the deed was the easement specifically excluded, and nothing in the

deed suggests that 4N did not intend to grant an easement. Consequently, RLC, as the owner of Lot C, was granted a forty-foot easement over Nunes Lane.

We also agree with the trial justice that, because there is no ambiguity in the deed, it is unnecessary—and clearly not appropriate—to look to extrinsic evidence, including the questionable circumstances surrounding statements between the parties, or the existence of boulders blocking Nunes Lane, or the April 2016 administrative subdivision. *See Hilley*, 972 A.2d at 649 (holding that, when the language in a deed creating an easement is "clear and unambiguous, neither oral testimony nor extrinsic evidence will be received to explain the nature or extent of the rights acquired") (quoting *Carpenter v. Hanslin*, 900 A.2d 1136, 1147 (R.I. 2006)). This Court has been clear "that confusion and uncertainty can arise when a collateral attack is made on the intent of the grantor in depicting streets and roads on a recorded [or unrecorded] plat." *Newport Realty, Inc.*, 878 A.2d at 1042. Therefore, in order to minimize the expense and complexity associated with these disputes, we have declared that these cases "should be decided in accordance with our settled jurisprudence and *should rise or fall by reference to the plat on which the disputed parcel is depicted*." *Id.* (emphasis added). In the case at bar, the deed clearly and unambiguously references the January 5 plan, which depicts Nunes Lane as a forty-foot laneway and the boundary line for Lot C. In sum, we concur with the well-reasoned analysis set forth in the trial justice's bench decision, and

we affirm his decision that RLC has a forty-foot right of way easement over Nunes Lane.

## Injunctive Relief

Having concluded that RLC enjoys an easement over Nunes Lane, we turn to whether the trial justice properly granted a mandatory permanent injunction, ordering 4N to cease blocking RLC's access to its property from Nunes Lane and to remove all impediments (including the row of boulders) that blocked RLC's access. The defendant contends that the injunction should be vacated because (1) RLC had adequate access to its property from Industrial Lane and thus did not need Nunes Lane; (2) RLC failed to demonstrate that it would suffer anything other than monetary damages; and (3) there was no "great urgency" for injunctive relief.[9]

"This Court will reverse the decision of a trial justice to grant * * * a permanent injunction only 'when it can be shown that the trial justice misapplied the law, misconceived or overlooked material evidence or made factual findings that were clearly wrong.'" *Hilley*, 972 A.2d at 648 (quoting *Holden v. Salvadore*, 964 A.2d 508, 513 (R.I. 2009)). "The issuance and measure of injunctive relief rest in the sound discretion of the trial justice." *Martin v. Wilson*, 246 A.3d 916, 923-24 (R.I. 2021) (quoting *Cullen v. Tarini*, 15 A.3d 968, 981 (R.I. 2011)).

---

[9] Because final judgment has not issued in this case, the question of RLC's entitlement to monetary damages may still be litigated.

- 15 -

First, because we have concluded that RLC has acquired an easement appurtenant over Nunes Lane based on the clear and unambiguous language in the warranty deed, RLC need not establish that the easement was reasonably necessary for the use and enjoyment of Lot C. *Cf. Martin*, 246 A.3d at 925 (noting that to establish an easement *by implication* the plaintiff must prove that the implied easement is necessary for the use and enjoyment of his or her land). Furthermore, 4N's other assignments of error are without merit. It is well settled "that when there is a continuing trespass on an owner's land, [the owner] is entitled to a mandatory injunction." *Renaissance Development Corp. v. Universal Properties Group, Inc.*, 821 A.2d 233, 238 (R.I. 2003); *see Santilli v. Morelli*, 102 R.I. 333, 338, 230 A.2d 860, 863 (1967). Here, we discern no error with the trial justice's issuance of a permanent mandatory injunction, and "we defer to [his] sound discretion in the issuance and measure of injunctive relief." *Martin*, 246 A.3d at 926.[10] Accordingly, we affirm the trial justice's order issuing a mandatory permanent injunction in favor of the plaintiff.

## Conclusion

For the foregoing reasons, we affirm the partial final judgment and the order of the Superior Court, to which the papers in this case may be remanded.

---

[10] Although 4N asserts that RLC had adequate access to Lot C from Industrial Lane, there is a suggestion in the record that access to Lot C from Industrial Lane is restricted by utility poles with live wires, as well as the absence of a curb cut for such access.

# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Read's Landscape Construction, Inc. v. The Town of West Warwick et al. |
| **Case Number** | No. 2019-0313-Appeal.<br>No. 2019-323-M.P.<br>No. 2019-442-Appeal.<br>(KC 17-1008) |
| **Date Opinion Filed** | June 10, 2021 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Richard A. Licht |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Joelle C. Rocha, Esq.<br>Michael A. Kelly, Esq. |
| | For Defendant:<br><br>David M. Campbell, Esq.<br>Timothy A. Williamson, Esq. |