Paul M. KOTUBY et al.

v.

Daniel W. ROBBINS et al.

No. 95–672–Appeal.

Supreme Court of Rhode Island.

Dec. 14, 1998.

Paul K. Sprague, Warwick, for Plaintiffs.

Donald D. Page, Providence, for Defendants.

Present: WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

WEISBERGER, Chief Justice.

This case comes before us on an appeal by the plaintiffs from the denial of their petition for injunction against the interfering with their use of a private right-of-way that allegedly was dedicated on a recorded plat. After considering the evidence presented in the Superior Court both testimonial and documentary, we reverse the judgment of the Superior Court and remand with direction to enter judgment in favor of the plaintiffs. The facts and travel of the case insofar as pertinent to this appeal are as follows.

On January 27, 1971, Yvonne C. Serpa conveyed to Robert Serpa a large undivided parcel of unimproved land. The following year (1972), Robert Serpa, with the approval of the planning board of the town of Bristol, recorded a subdivision plan entitled Rodase Villa. This subdivision plan divided the original tract into six lots. These lots were numbered 9, 19, 20, 21, 22, and 23. A copy of this subdivision plan is attached to this opinion and marked as exhibit A.

Lot Nos. 9, 19, and 20 all possessed frontage on Kickemuit Avenue, à public street of the town of Bristol. Access to Kickemuit Avenue is reached from lot 9 by a thirty-foot-wide strip of land running to Kickemuit Avenue between lot Nos. 19 and 20. This strip is designated on the plan as a private right-of-way and is further labeled as "part of lot 9." The right-of-way extends to Kickemuit Avenue and has been used for many years (though less than the time necessary to ripen into a prescriptive right) as a driveway that served lot Nos. 9, 19, and 20.

There was uncontradicted evidence from Manuel Prenda, former Bristol Planning Board Chairman, that the subdivision was approved by the planning board in 1972 for the specific reason that this right-of-way would be dedicated to serve lot Nos. 9, 19, and 20 for egress to the street. The planning board believed that this right-of-way would eliminate the need for three separate driveways.

The trial justice noted that she had not been provided with an official record of the planning board proceedings or of their decision. The only evidence was an affidavit of the former planning board chairman. This affidavit was admitted into evidence as a full exhibit and was uncontradicted and unimpeached. It is also uncontradicted that the plat of the subdivision was accepted for recording in the records of land evidence of the town of Bristol on July 27, 1972.

The intention of Robert Serpa to dedicate this right-of-way for egress from the three lots was corroborated by Michael Marshal, presently the owner of lot No. 21 on the plat. When he inquired about possibly purchasing lot No. 19, he was told by Serpa that the right-of-way would be there for access to lot No. 19.

In 1979, plaintiffs Kotuby leased a dwelling on lot No. 9 and in 1981, they purchased lot No. 19. They averred by affidavit that Serpa specifically told them that the right-of-way was for the use of the occupants of lot Nos. 9, 19, and 20. The plaintiffs Kotuby, relying on

those representations, positioned their home on the lot so that it faced the right-of-way. The trial justice pointed out that the deed from Serpa to Kotuby did not refer to the recorded plat, nor did it expressly grant an easement over lot No. 9 for egress and ingress to Kickemuit Avenue. From the time of their purchase until a notice of interruption of adverse possession was recorded by defendants, Daniel W. Robbins and wife, plaintiffs Kotuby used the driveway for egress and ingress from Kickemuit Avenue.

On December 19, 1984, plaintiffs Whitty purchased lot No. 20 from Robert Serpa. The deed to this lot refers to the private right-of way as a boundary to the Whitty property and also references the subdivision plan. The deed reads that lot No. 20 is:

" * * * bounded and described as follows:

Westerly By a 'Private Row–Portion of Lot No. 9,' as shown on plan of land hereinafter referred to * * *

HOWEVER OTHERWISE bounded and described being Lot No. Twenty (20) as shown on plan of land entitled:

'Plan of Rodase Villa; * * * ' "

The plaintiffs Whitty also alleged that Serpa represented that the right-of-way was for use by the occupants of the three lots. This allegation was set forth in an affidavit that was admitted into evidence as a full exhibit. In reliance upon this representation, plaintiffs Whitty also faced their dwelling house toward what they perceived to be a common driveway. They continually used the right-of-way as their driveway until February 25, 1991, when the notice of interruption of adverse possession was recorded by defendants Robbins.

The defendants Robbins purchased lot No. 9 in 1985 from Serpa. This deed makes no reference to the private right-of-way, but does refer to the subdivision plan in describing the parcel as "lot number nine (9)" as shown on plan entitled "plan of Rodase Villa * * * ." The defendant, Daniel W. Robbins, testified that as long as he remembers, the common driveway had been used continually by all three owners of the lots which abutted thereon.

In 1991, defendant Robbins applied for and received a building permit for a chain link fence to be constructed around his property in such manner as to prevent the plaintiffs' use of the right-of-way. The notice of interruption of adverse possession was filed shortly after the issuance of the building permit. In March of 1991, plaintiffs commenced the instant action and a justice of the Superior Court entered a temporary order staying the building of the fence and permitting plaintiffs to use the right-of-way until further order of the Superior Court. Thereafter, the case was tried on plaintiffs' prayer for a permanent injunction.

At the conclusion of the trial, which was conducted without the intervention of a jury, the trial justice entered judgment in favor of defendants and found as a matter of fact and held as a matter of law that there was no express easement in favor of plaintiffs, that there was no prescriptive right to an easement, and that there was no easement granted by implication. The temporary restraining order against interfering with the right-of-way by the building of a fence was continued during the pendency of this appeal.

■ We are in agreement with the trial justice that the plaintiffs failed to sustain their burden of proof to establish an express easement since their deeds contain no such grant, nor did they establish a prescriptive right to use the private right-of-way for the period of ten years required by the statute of limitations. We further agree that the plaintiffs failed to sustain the burden of proof necessary to establish an easement of necessity over the right-of-way in order to reach Kickemuit Avenue. Their own frontage on this public street would allow them access thereto, even though their convenience would be far better served by the utilization of the right-of-way as disclosed on the recorded plat.

■ However, we are of the opinion that the trial justice erred in finding as a fact and holding as a matter of law that the plaintiffs had not established an easement by implication derived from the dedication on a recorded plat of a right-of-way running from lot No. 9 to Kickemuit Avenue and abutting upon lot Nos. 19 and 20.

■ In *Robidoux v. Pelletier*, 120 R.I. 425, 434, 391 A.2d 1150, 1156 (1978), we recognized that in certain cases, a recorded plat is all that is needed to disclose a landowner's dedicatory intent. Although we cited cases relating to the owner's intent to offer the streets to the public for use as ways, *see, e.g.*, *Volpe v. Marina Parks, Inc.*, 101 R.I. 80, 85, 220 A.2d 525, 529 (1966); *Vallone v. City of Cranston*, 97 R.I. 248, 254, 197 A.2d 310, 314 (1964), the same principle would apply to the granting of private easements. The general rule is stated in 2 George W. Thompson, *Commentaries on the Modern Law of Real Property* § 361 (1980 Replacement Ed.), which sets forth that when a subdivider sells lots with reference to a plat, he grants easements to the purchasers in the roadways shown on the plat, with or without later dedication of the roadways to the public.

"The purchaser of land bounded upon a street designated as such * * * on a map made by the owner of the lands in reference to which the sale was made has a private right appurtenant to his lot, which he holds by an implied covenant that the street in front of his lot shall be kept open for his enjoyment, if not as a public street, then as a private way." *Id.* at 380.

We recognized this rule in *Robidoux* when we stated:

"[W]e are reminded of the well-recognized rule which holds that a sale of a platted lot with reference to the plat will, as between the grantor and the grantee, give the latter a right to use all of the streets delineated on the plat even though the plat is unrecorded. * * * Such an easement is appurtenant to the property and passes with the conveyance of the property, unless specifically excluded, even though not mentioned in the deed." *Robidoux*, 120 R.I. at 436, 391 A.2d at 1156.

In the case at bar, it is undisputed that the deed to defendants referred to the plan of Rodase Villa and described the parcel as lot No. 9 thereon. It is further undisputed that the deed to plaintiffs Whitty referred to the private right-of-way—portion of lot No. 9 as bounding Whittys' lot No. 20 on the westerly side. The principles set forth in numerous cases clearly would establish that the Whit-

tys were entitled to the use of this private right-of-way which extended from lot No. 9 to Kickemuit Avenue, unless it was specifically excluded in the deed. As suggested in *Robidoux*, this recorded plat was all that was necessary to establish Serpa's intent to dedicate the private right-of-way to the use of the owner of lot No. 20.

■ In respect to the Kotuby deed, the principle would not be as plainly applicable, since that deed referred to the parcel conveyed by metes and bounds rather than by reference to the lot number and recorded plat. Nevertheless, in applying these rules of construction in a practical rather than an abstruse and arcane manner, we must look at the facts established by the evidence. Just as the existence of a recorded plat may not justify the application of the *Robidoux*, *Volpe*, and *Vallone* principles automatically, it should also be inappropriate to deny the application of the principles merely because an abutting lot, which is recorded on the plat, is not referred to by number in the deed from the common grantor.

The uncontradicted evidence presented to the Superior Court established that the plat was accepted for recording at least in part because it provided a common right-of-way for lot Nos. 9, 19, and 20. It is further established that from the time of the purchase of lot Nos. 19 and 20 from Serpa until the interference with the right-of-way by defendants, the owners of lot Nos. 9, 19, and 20 utilized this right-of-way without hindrance. Certainly there is not a shred of evidence that the common grantor, Robert Serpa, did not intend the right-of-way to be used in common by the owners of the three lots.

We are of the opinion that the evidence overwhelmingly establishes the dedicatory intent of Robert Serpa in respect to the three lots in question. However, we would conclude that there was no intention to dedicate this private right-of-way to the use of the other three lots in the six-lot subdivision. This right-of-way was intended for the use of and benefit of lot No. 9 (of which it was a part) and lot Nos. 19 and 20, which abutted on the right-of-way.

It would be hard to conceive of a more persuasive quantum of evidence designed to establish the dedication of a private right-of-way for the benefit of three lots as shown specifically on a recorded plat. It should be noted that the deed to the plaintiffs Kotuby did not exclude the right-of-way shown on the recorded plat, even though it did not refer to it by inclusion. In light of the principles enunciated concerning dedication by implication, the failure to exclude in light of specific reference in the conveyance of two of the lots by reference to the recorded plat is not fatal.

For the reasons stated, the appeal of the plaintiffs is sustained. The judgment of the Superior Court is reversed. The papers in the case are remanded to the Superior Court with directions to enter judgment for the plaintiffs and to enjoin the defendants from interference with the use of the right-of-way as a private driveway by the plaintiffs and their successors in ownership of lot Nos. 19 and 20.